515 A.2d 517

**George R.H. ELDER, Appellee,**

v.

**Adam ORLUCK, Appellee,**

v.

**BOROUGH OF HARRISVILLE, Appellant.**

Supreme Court of Pennsylvania.

Argued March 6, 1986.

Decided Sept. 25, 1986.

David B. Fawcett, Jr., James R. Miller, Dickie, McCamey & Chilcote, P.C., Pittsburgh, for appellant.

Richard B. Tucker, Jeffrey J. Leech, Pittsburgh, for George R.H. Elder.

Eric N. Anderson, Louis C. Long, Pittsburgh, for Adam Orluck.

Daniel M. Berger, Pittsburgh, Carol Nelson Shepherd, Philadelphia, for Pennsylvania Trial Lawyers Assn.

Before LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ

## OPINION ANNOUNCING THE JUDGMENT OF THE COURT

LARSEN, Justice.

This appeal presents the issue whether in an action under the Pennsylvania Comparative Negligence Act[1] involving more than one defendant, should the negligence of the plaintiff be compared to the combined negligence of all defendants or should plaintiff's negligence be compared to the separate and individual negligence of each defendant? This question is one of first impression before this Court requiring interpretation of the Comparative Negligence Statute. The Superior Court, in affirming the lower court, held that "[T]he Pennsylvania Comparative Negligence Act, 42 Pa.C.S.A. § 7102, will bar recovery by a plaintiff only when his causal negligence is greater than that of the combined or aggregate negligence of all the defendants guilty of causal negligence in connection with plaintiff's injuries."[2] We agree, and therefore we affirm.

This lawsuit arose out of a motor vehicle accident that occurred on Memorial Day, May 30, 1977. The mishap took place on Route 8, a short distance from the Borough of Harrisville, appellant in this case. George R.H. Elder, appellee, was operating his vehicle in a southerly direction on Route 8, proceeding toward Harrisville. At that time the appellant Harrisville was in the process of staging a Memorial Day parade. Because of the planned parade route, a portion of Route 8 was blocked. This caused a line of

1. 42 Pa.C.S.A. § 7102.

2. *Elder v. Orluck,* 334 Pa.Super. 329, 483 A.2d 474 (1984).

traffic to back up on Route 8, which at that point was a hill leading into Harrisville. As the appellee approached the stopped line of vehicles, he had already slowed down and was travelling at approximately 10 miles per hour. Appellee was braking his vehicle and bringing it to a stop when he was "rear-ended" by an automobile operated by original defendant Adam Orluck.[3] As a result of the accident, appellee Elder sustained serious injuries to his person for which he brought suit. The defendant below, Adam Orluck, joined the appellant Harrisville as an additional defendant on the theory that appellant was negligent in failing to warn oncoming traffic of the parade; in failing to direct traffic at the site; in failing to detour traffic around the parade site; in causing a dangerous condition; and in otherwise failing to exercise due care. After trial the jury returned a verdict in favor of appellee Elder. The jury apportioned fault as follows: 25% to appellee Elder; 60% to original defendant Orluck; and, 15% to appellant Harrisville. The appellant filed a motion for judgment N.O.V. and/or a new trial arguing, inter alia, that appellee cannot recover from appellant because appellee was found to be more negligent than appellant. Appellant Harrisville's motion for judgment N.O.V. and/or a new trial was denied and judgment was entered on the verdict against both Orluck and appellant Harrisville. On appeal, the Superior Court affirmed.

Appellant Harrisville argues that under the Pennsylvania Comparative Negligence Act, 42 Pa.C.S.A. § 7102, appellee is precluded from recovery against the appellant because the negligence assigned to appellee (25%) is greater than the negligence assigned to the appellant (15%). Appellant Harrisville contends that in considering appellee's attempt to recover from appellant, appellee's negligence should be compared only with the negligence of the appellant. Since appellee's negligence exceeds that of appellant, it is asserted that recovery should be and is barred. In other words,

---

**3.** The original defendant Adam Orluck did not appeal the judgment entered against him.

the appellant argues that in a case, such as the instant one, involving multiple defendants, the Comparative Negligence Statute precludes a more negligent claimant from recovering from a less negligent defendant even where the claimant's negligence is less than the combined negligence of all defendants. The appellant claims that its position is supported by the language of the statute and the "significant" legislative history which demonstrates the intent of the General Assembly.

I. *Pennsylvania Comparative Negligence Act*

The Pennsylvania Comparative Negligence Statute provides as follows:

**(a) General rule.**—In all actions brought to recover damages for negligence resulting in death or injury to person or property, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff or his legal representative *where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought* but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff. (Emphasis supplied.)

**(b) Recovery against joint defendant; contribution.** —Where recovery is allowed against more than one defendant, each defendant shall be liable for that proportion of the total dollar amount awarded as damages in the ratio of the amount of his causal negligence to the· amount of causal negligence attributed to all defendants against whom recovery is allowed. The plaintiff may recover the full amount of the allowed recovery from any defendant against whom the plaintiff is not barred from recovery. Any defendant who is so compelled to pay more than his percentage share may seek contribution.

The appellant asserts that under the provisions of the Comparative Negligence Act, if a plaintiff's negligence is greater than that of a defendant from whom recovery is sought, the plaintiff may not recover from *that* defendant.

The appellant faced with the language of the Act which provides that the negligence of the plaintiff is to be compared to "the causal negligence of the *defendant or defendants* against whom recovery is sought," attempts to explain away the General Assembly's inclusion of the plural "defendants." Appellant argues that, "the use of the plural 'defendants,' is simply recognition by the Pennsylvania Legislature that actions are often brought against multiple defendants" (Appellant's Brief, p. 8). We are not persuaded by appellant's argument.

> The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions.

Statutory Construction Act of 1972, Dec. 6, No. 290 § 3, 1 Pa.C.S.A. § 1921. In ascertaining the intent of the Legislature certain presumptions must be given appropriate recognition, among them being, "that the General Assembly intends the entire statute to be effective and certain." *Id.* 1 Pa.C.S.A. § 1922. "We must assume that the Legislature intends every word of the statute to have effect." *Commonwealth v. Driscoll*, 485 Pa. 99, 401 A.2d 312 (1979). To say that the use of the plural "defendants" is simply legislative recognition that lawsuits are often brought against more than one defendant is to ignore that construction guide. If the Legislature's use of the plural "defendants" is to have any meaning, then the proper construction of the statute is that the plaintiff's negligence is to be compared to the combined negligence of all defendants. To hold otherwise would be to ascribe no meaning to the plural "defendants."

The appellant argues that if the Legislature intended the plaintiff's negligence be compared to the negligence of all defendants it would have adopted language similar to the language of the Connecticut statute (Conn.Gen.Stat.Ann., 52–572h) which specifically provides that plaintiff's negligence will not bar recovery if it was "not greater than the *combined negligence* of the person or persons against

whom recovery is sought." We disagree with appellant. There are many ways to express the idea that plaintiff's negligence is to be compared to the total negligence of all defendants. The language used in the Connecticut statute is one way. The language of the Pennsylvania statute is another. And as we shall see *infra*, statutes in other jurisdictions follow the same rule with language different from both the Connecticut statute and the Pennsylvania statute.[4]

The appellant asserts that the interpretation of the plural "defendants" it urges this court to adopt is supported by section (b) of the statute. As we have noted above, section (b) provides:

Where recovery is allowed against more than one defendant, each defendant shall be liable for that proportion of the total dollar amount awarded as damages in the ratio of the amount of his causal negligence to the amount of causal negligence attributed to all *defendants against whom recovery is allowed.* The plaintiff may recover the full amount of the allowed recovery from *any defendant against whom the plaintiff is not barred from recovery.* .... (Emphasis supplied.)

42 Pa.C.S.A. § 7102. Appellant argues that the language of Section (b) "distinguishes Defendants, 'against whom recovery is allowed' and ... 'against whom the plaintiff is not barred from recovery,' from those [defendants] against whom the plaintiff is precluded from recovering" (Appellant's Brief, p. 9). The appellant contends that Section (b) refers to a situation exactly as exists here, namely, where the plaintiff's negligence exceeds the negligence of a defendant. From this premise the appellant concludes that recovery by a plaintiff against a "lesser negligent" defendant is *not* allowed. Appellant maintains that a "lesser

4. For example, Kansas (Kan.Stat.Ann. § 60–258a), Arkansas, (Ark. Stat.Ann. § 27–1764–65), New Hampshire (RSA 507:7a), and Colorado (C.R.S. 13–21–111) are some of the other jurisdictions whose statutes have been interpreted to mandate the "combined negligence" approach with statutory language somewhat different from both the Connecticut and Pennsylvania statutes.

negligent" defendant is a defendant against whom the plaintiff is barred from recovering. Appellant's argument begs the question. It assumes that Section (b) is referring to a "lesser negligent" defendant as a defendant against whom recovery is not allowed and against whom recovery is barred. Appellant attempts to demonstrate that Section (b) refers to "lesser negligent" defendants by citing the language to be construed as authority for the construction it urges.[5]

A more reasonable interpretation of Section (b) of the Act leads directly to the conclusion that the legislature intended that the language *"all defendants against whom recovery is allowed"* means all defendants found to be guilty of a portion of the negligence causing the injury and who have not settled with the plaintiff and are not immune from liability. The language *"recovery from any defendant against whom the plaintiff is not barred from recovery"* is reasonably interpreted to exclude recovery from defendants who have settled with plaintiff prior to verdict or who are otherwise immune from liability even if causally negligent. The appellant acknowledges that the phrases *"all defendants against whom recovery is allowed"* and, *"against whom the plaintiff is not barred from recovery"* would include a negligent defendant who is immune from liability. Appellant argues though that it is unlikely that the legislature would use such broad language to describe a narrow class of tort immune defendants. In support of its argument and to demonstrate how narrow the immune class is, the appellant points to this Court's decision in *Hack v.*

5. In support of this argument the appellant places much reliance upon commentator Walter Timby and a portion of his comments in *Comparative Negligence,* 48 Pennsylvania Bar Assoc. Quarterly 219 (April, 1977). There, at page 231, Timby wrote: "[The individual comparison] interpretation is supported by the language of § 2 of the Pennsylvania Act which speaks about defendants 'against whom recovery is allowed' and defendants 'against whom such plaintiff is not barred from recovery.' These phrases certainly connote that the legislature, for purposes of recovery and contribution against joint tortfeasors, is speaking only of those defendants whose casual negligence was greater than the plaintiffs, since *only* such defendants would be those 'against whom recovery is allowed.'"

*Hack,* 495 Pa. 300, 433 A.2d 859 (1981) where we abolished inter-spousal immunity, and the Superior Court's opinion in *Kelly v. Carborundum Company,* 307 Pa.Super 361, 453 A.2d 624 (1982) aff'd 504 Pa. 238, 470 A.2d 969 (1984) which held that an employer may not be joined in a comparative negligence lawsuit for purposes of apportioning negligence.[6] The appellant chooses to lightly brush aside the fact that at the time the Comparative Negligence Act was passed (April 28, 1978, effective June 27, 1978), inter-spousal immunity was the law and there was no clear decision on whether an employer, who is statutorily immune from tort liability, could be joined to assess negligence.

## II. *Legislative History*

Appellant argues that the legislative history of the Pennsylvania Act demonstrates that it was patterned after the Wisconsin Comparative Negligence Statute. The Wisconsin statute has been interpreted by the Wisconsin courts to provide for comparing the plaintiff's negligence to the negligence of each defendant individually and the plaintiff may not recover from any defendant who is less negligent. The appellant asserts that since the Pennsylvania Comparative Negligence Law is based upon Wisconsin's statute and, since there is a lack of case law in Pennsylvania, we are to be guided by the Wisconsin courts' interpretation of the Wisconsin Act. The appellant bases its argument on remarks made by State Senator Henry Hager[7] to the Pennsylvania Senate and certain remarks made by State Senator Jubelier[8] at the same legislative session. We believe the

---

6. The Superior Court relied upon the provisions of Section 303 of the Workmen's Compensation Act as interpreted by this Court as barring the joinder of an employer.

7. Senator Hager said:
   " ... may I state that this bill comes almost exclusively from the Wisconsin Statute. The Wisconsin rule has been considered for a long, long time to be the most conservative of the comparative negligence doctrines. It has worked very well in Wisconsin and it is my understanding and my hope that in Pennsylvania it will work the same way," Pa.Leg.J.—Senate, p. 1707, June 15, 1976.

8. Senator Jubelier remarked:

appellant's reliance upon the remarks of Senators Hager and Jubelier is inappropriate. First, the legislative history of a statute is only to be considered when the Act is ambiguous or unclear. *See* 1 Pa.C.S.A. § 1921(b) & (c). The Pennsylvania Comparative Negligence Statute does not fall within that category. The language of the Act is straightforward, unambiguous and clear. Resort, therefore, to the legislative history of the statute is not warranted. Further, as the briefs of the appellee and of the amicus curiae [9] point out, the appellant takes the comments of the Senators out of context. The remarks of Senators Hager and Jubelier were offered in response to a proposed amendment which would have changed the thrust of the statute. The proposal would have converted the Act from a "not greater than 50%" statute to a "less than 50%" law.[10] The Pennsylvania statute resembles the Wisconsin Act in the particular respect that both are "not greater than 50%" statutes. This similarity is hardly justification for giving

"We are seeking to compensate the Plaintiff for only that to which he is entitled, and if that be fifty percent (50%) or forty percent (40%), or what have you, I think that the juries would come to the proper decision. This, as I understand it, is the Wisconsin statute and one which has worked well there", (emphasis added) Pa.Leg.J. —Senate, p. 1706, June 15, 1976.

**9.** The Pennsylvania Trial Lawyers Association filed an amicus curiae brief supportive of the position of the appellee in this case.

**10.** In the Superior Court opinion, Judge DelSole, citing Pinto, *Comparative Responsibility—An Idea Whose Time Has Come,* 45 Ins. Counsel J. 115, 120–121 (Jan.1978), notes there are four types of comparative negligence statutes: (1) pure; (2) not greater than 50%; (3) less than 50%; and (4) slight-gross. *Elder v. Orluck,* 334 Pa.Super. 329, 483 A.2d 474 (1984).

As is evident from its language, the Pennsylvania Statute is a "not greater than 50%" statute. That is, the plaintiff is entitled to recover if his negligence is 50% or less when compared with the negligence of the defendant or defendants. In this respect the Pennsylvania Statute is the same as Wisconsin's statute (The Wisconsin Act provides for recovery by plaintiff "if such negligence was *not greater than* ...") (Wis.Stat.Ann. 895.045). Statutes such as the Wyoming statute, on the other hand, provide that the plaintiff may recover if plaintiff's negligence "was not as great as ..." (Wyo.Stat.1977, § 1–1–109) Under this type of statute, a plaintiff's negligence must be less than 50% by comparison to recover.

Wisconsin's judicial interpretation of its statute any weight in construing the Pennsylvania Act.

Second, the comments of individual legislators in the debates involving a statute are not relevant for the reason that such comments represent only the individual's view and not necessarily that of the entire body. *Zemprelli v. Thornburgh,* 47 Pa.Commwlth.Ct. 43, 54, 407 A.2d 102, 109 (1979). *See Fisher v. Department of Public Welfare,* 509 Pa. 164, 178, 501 A.2d 617, 624 (1985) (Dissenting Opinion, Larsen J.).

III. *The Wisconsin Statute*

The Wisconsin Comparative Negligence Statute, heavily relied upon by the appellant, provides as follows:

> Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not greater than the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of negligence attributable to the person recovering.

Wis.Stat.Ann. § 895.045. Initially, it is to be noted that the Wisconsin statute provides that contributory negligence on the part of a plaintiff shall not bar recovery if such negligence was not greater than the negligence of the *person* against whom recovery is sought. The Pennsylvania statute, on the other hand, provides that recovery shall not be barred where plaintiff's negligence was not greater than the negligence of the *defendant or defendants* against whom recovery is sought. This difference in the statutory language is enough to distinguish the two statutes and to render meritless appellant's claim the Pennsylvania statute was patterned after the Wisconsin Act.[11] Moreover, the

11. Because of the paucity of legislative history, it is unknown why the legislature adopted the particular form of comparative negligence it did. Nowhere did the legislators indicate that they were basing the Pennsylvania Act on another state's law. In fact, no state has a comparative negligence statute identical to that of Pennsylvania [Footnote omitted.] Shrager & Shepherd, *History, Development,*

Wisconsin Supreme Court has indicated some dissatisfaction with the "individual negligence" comparison. In *May v. Skelley Oil Co.*, 83 Wis.2d 30, 264 N.W.2d 574 (1978) it was observed:

> This case is one of many cases which have come before this court involving multiple party tortfeasors. [Plaintiff] urges the court to reexamine its interpretation of the comparative negligence statute. The majority of the court has become convinced that comparing the negligence of the individual plaintiff to that of each individual tortfeasor—rather than comparing the negligence of the individual plaintiff to that of the combined negligence of the several tortfeasors who have collectively contributed to plaintiff's injuries—leads to harsh and unjust results;
>
> . . . .

Although the court in *May v. Skelley Oil Co., supra* believed the better rule was one that compared the negligence of the plaintiff to the combined negligence of all defendants, it declined to change the "individual rule", concluding that the case before it was not an appropriate one for such action.[12]

## IV. *Other Jurisdictions*

### a. Individual Comparison

The appellant refers us to other jurisdictions which have embraced the "individual comparison" approach. These jurisdictions include, among others, Minnesota, Idaho and Wyoming. A reading of the statutes of these states reveals that, like the Wisconsin statute, each contains only the singular "person" or "defendant" in that portion of the Act

*And Analysis Of The Pennsylvania Comparative Negligence Act: An Overview,* 24 Villanova Law Rev. 422, 436, 437 (1979).

**12.** Subsequently, the Wisconsin Supreme Court decided that a change from the "individual comparison" approach to the "combined comparison" approach should be left to the Legislature which over the years has tacitly assented to the judicial interpretation of the Comparative Negligence Statute. *See Reiter v. Dyken,* 95 Wis.2d 461, 290 N.W.2d 510 (1980). *See also Wisconsin Natural Gas Co. v. Ford, Bacon and Davis Construction Corp.,* 96 Wis.2d 314, 291 N.W.2d 825 (1980).

which establishes the negligence comparison. The Minnesota statute provides: "if the contributory fault was not greater than the fault of the *person* against whom recovery is sought." Minn.Stat.Ann. § 604.01. The Idaho statute provides: "if such negligence was not as great as the negligence or gross negligence of the *person* against whom recovery is sought." Idaho C. § 6–801. The Wyoming Act provides: "if the contributory negligence was not as great as the negligence of the *person* against whom recovery is sought." Wyo.Stat. 1977 § 1–1–109. None of these contributory negligence statutes is similar to the Pennsylvania Act in that the plural, "persons" or "defendants" is not used in referring to the comparison of negligence.[13]

### b. Combined Comparison

Kansas and Arkansas are two jurisdictions with statutes that, similar to the Pennsylvania Act, use the plural (parties and defendants) in the comparison language. The Kansas statute provides: "if such party's negligence was less than the causal negligence of the *party or parties* against whom claim for recovery is made." Kan.Stat.Ann. 60–258. The Kansas Courts have interpreted this statute to permit a plaintiff to recover as long as his negligence is less than the *combined negligence of all defendants* against whom recovery is sought. *Negley v. Massey-Ferguson, Inc.,* 229 Kan. 465, 625 P.2d 472 (1981). *Langhofer v. Reiss,* 5 Kan.App.2d 573, 620 P.2d 1173 (1980).

The Arkansas Act provides: "if the fault chargeable to a party claiming damages is equal to or greater in degree

---

**13.** *See also* the New Jersey statute (N.J.S.A. 2A: 15–5–1) which formerly provided: "if such negligence was not greater than the negligence of the person against whom recovery is sought." The Act was amended in 1982 to include the following additional language: "or was not greater than the combined negligence of the person against whom recovery is sought." The Vermont statute (12 Ver.Stat.Ann. § 1036) which formerly provided: "if the negligence was not greater than the causal negligence of the defendant." This Act was amended in 1979 to read as follows: "if the negligence was not greater than the causal *total* negligence of the defendant or defendants." Both of these prior statutes had been interpreted as requiring the "individual comparison" approach. Each was amended to provide for comparison of plaintiff's negligence with the combined negligence of all defendants.

than any fault chargeable to the *party or parties* from whom the claiming party seeks to recover damages, then the claiming party is not entitled to recover such damages." Ark.Stat.Ann. § 27-1765. The Arkansas Courts have long held that under its Comparative Negligence Act, the negligence of the plaintiff is to be compared to the *combined negligence of all defendants* from whom plaintiff seeks recovery.[14] *Walton v. Tull,* 234 Ark. 882, 356 S.W.2d 20 (1962), *Riddell v. Little,* 253 Ark. 686, 488 S.W.2d 34 (1972).

Both New Hampshire and Colorado follow the "combined negligence" approach even though the language in each statute is in terms of the singular without mention of such plural references as "parties" or "defendants". The New Hampshire Act provides: "if such negligence was not greater than the causal negligence of the *defendant*" RSA 507:7-a. The New Hampshire Courts have construed this language to allow recovery in multiple defendant cases so long as the plaintiff's negligence does not exceed the total negligence of all defendants. *Saltzman v. Saltzman,* 124 N.H. 515, 475 A.2d 1 (1984); *Hurley v. Public Service Co. of New Hampshire,* 123 N.H. 750, 465 A.2d 1217 (1983).

The Colorado statute provides: "if such negligence was not as great as the negligence of the *person* against whom recovery is sought." C.R.S. 1973, 13-21-111. The Colorado Courts have interpreted this language to provide for the plaintiff's negligence to be compared to the *combined negligence of all defendants.* If plaintiff's negligence is less than 50%, he may recover from all defendants even though a particular defendant may individually be less negligent than the plaintiff. *Mountain Mobil Mix, Inc. v. Gifford,* 660 P.2d 883 (Colo.1983).

In reviewing the several jurisdictions which have enacted comparative negligence statutes, we observe the following:

**14.** The prior Arkansas Statute which provided for comparing plaintiff's negligence with that of "the person, firm or corporation causing such damages" (Ark.Stat.Ann. § 27-1730.1 [repealed] ) was, in spite of the use of the "singular," interpreted as requiring application of the "combined comparison" rule. *Walton v. Tull,* 234 Ark. 882, 356 S.W.2d 20 (1962).

In the majority of the states with statutes that use only the singular, i.e. "party," "defendant," in the comparison language, the plaintiff's negligence is compared individually to each defendant. In some states where the statute refers only to the singular, the plaintiff's negligence is compared to the total negligence of all defendants. In the states where the statutory language includes the plural, i.e. "parties," "defendants," the courts have construed such statutes as requiring that the plaintiff's negligence be compared to the combined negligence of all defendants. The Pennsylvania statute which uses the plural "defendants" in the comparison language likewise mandates a comparison with the negligence of all defendants.

## V. *Policy Considerations*

The Pennsylvania Comparative Negligence Act replaced the harsh common law doctrine of "contributory negligence" under which a plaintiff whose own negligence, however slight, contributed to the happening of the accident in a proximate way, was barred from recovery.[15] A plaintiff who was found to be 1% causally negligent could not recover from a defendant who was 99% at fault. Modern notions of fault and liability impelled the Legislature to cast aside the stern common law rule in favor of comparative negligence principles. The comparative doctrine adopted by the legislature provides a more reasonable approach to issues of liability and insures that an injured plaintiff will recover against a negligent defendant or defendants even though plaintiff's negligence contributed to the accident in an equal or lesser way. The injured victim's recovery is reduced to the extent of his negligence. Comparison of the plaintiff's negligence to that of the combined negligence of all defendants is consistent with and furthers the intent of the Act. It insures that an injured plaintiff, who is otherwise entitled to a recovery, will not go uncompensated because of the number of defendants who contributed to his injuries.

15. *McCay v. Philadelphia Electric Co.,* 447 Pa. 490, 291 A.2d 759 (1972).

In a situation where a plaintiff is found to be 25% negligent and five defendants are held to be 75% negligent, general principles of comparative negligence and the intent of the Pennsylvania statute charge that the plaintiff should recover 75% of his damages. This should be true no matter how the 75% negligence was apportioned among the defendants. Under the approach urged by the appellant, the manner of apportionment among the five defendants would be critical to plaintiff's recovery. For example, if five defendants were each held to be 15% negligent, the plaintiff would be barred from any recovery. This kind of inequitable result, which would leave a 25% negligent plaintiff uncompensated, was hardly intended by the Legislature. Additionally, the "individual comparison" approach would have the effect of discouraging settlements where there are multiple defendants. In cases where there is arguably some evidence of negligence on the part of the plaintiff, defendants would be encouraged to add additional defendants, go to trial and attempt to have assigned a lower percentage of negligence in comparison to that assigned to the plaintiff (and other defendants) thereby escaping all liability even though causally contributing to plaintiff's injuries.

Furthermore appellant's interpretation would have an unintended impact on contribution between and among defendants. Section (b) of the Comparative Negligence statute provides: "The plaintiff may recover the face amount of the allowed recovery from any defendant against whom the plaintiff is not barred from recovery. Any defendant who is so compelled to pay more than his percentage share may seek contribution". 42 Pa.C.S.A. § 7102. If the phrase "against whom the plaintiff is not barred from recovery" is construed to exclude from recovery defendants who are less negligent than the plaintiff as appellant argues, a more negligent defendant who paid the entire verdict would be barred from seeking contribution from a defendant who was less negligent than the plaintiff. This is contrary to the clear intention of the Act which provides for contribu-

tion among defendants based upon each's proportionate share of the casual negligence contributing to the plaintiff's injuries.

The "individual comparison" approach would favor plaintiffs who only sue one defendant over those who bring suit against multiple defendants. It is absurd to believe that the legislature intended to handicap plaintiffs who sought recovery from more than one defendant. If we accepted the appellant's argument that an "individual comparison" was intended, we would be affirming the unreasonable notion that the legislature included the plural "defendants" in the Act merely to recognize that lawsuits are often brought against multiple defendants, while, at the same time, mandating a negligence comparison that penalizes plaintiffs who bring such suits.

The appellant argues that it is inequitable to require a defendant who, individually, is less negligent than the plaintiff to pay the entire amount of the allowed recovery especially where the more negligent tortfeasor is unable to pay his percentage share. The Superior Court was unpersuaded by this argument and in rejecting it quoted from the Arkansas Supreme Court opinion in *Walton v. Tull, supra:*

> We realize that where some tortfeasors are insolvent or unavailable, our conclusion may require a single defendant to bear the entire burden of the verdict. But this possibility of disportionate liability always exists when some of the wrongdoers cannot be made to pay their fair share. At common law, if the plaintiff was free from contributory negligence, he could recover his entire damages from any defendant whose negligence, however slight, was a concurring proximate cause of his injuries. We cannot adopt a narrow construction of our comparative negligence statute in the vain hope of avoiding inequitable situations due to insolvency. Obviously, either the plaintiff or the solvent defendant must suffer, and the loss has traditionally fallen on the wrongdoer.

234 Ark. at 893–94, 356 S.W.2d at 26. Moreover, any unfairness that results when a tortfeasor cannot be made to

pay his proportionate share of the damages is a product of the joint and several liability doctrine. It does not result from applying the "combined comparasion" rule.

To reiterate, the Pennsylvania Comparative Negligence Act was enacted to eliminate the harsh common law doctrine of "contributory negligence" and replace it with the more equitable principles of comparative negligence. The intent of the legislature was to remedy those situations where an injured plaintiff would go uncompensated because of the rigid "contributory negligence" doctrine. The Act adopts the notion that injured victims will obtain a recovery in all cases where the victim's negligence contributing to the injuries is not greater than that of the defendant or defendants. The policy purposes of the Act are met by comparing the plaintiff's negligence to the combined negligence of all defendants. We hold, therefore, that under the provisions of the Pennsylvania Comparative Negligence Act, recovery by an injured plaintiff will be precluded only where plaintiff's negligence exceeds the combined negligence of all defendants. Further, each such defendant is liable for the plaintiff's damages in proportion to his degree of negligence even if the portion of negligence attributable to a particular defendant is less than the negligence of the plaintiff.

The order of the Superior Court is affirmed.

NIX, C.J., did not participate in the consideration and decision of this case.

FLAHERTY, J., filed a concurring opinion joined by HUTCHINSON and ZAPPALA, JJ.

ZAPPALA filed a concurring opinion joined by FLAHERTY and HUTCHINSON, JJ.

McDERMOTT, J., dissents.

FLAHERTY, Justice, concurring.

I concur in the result, but write separately to note that certain artfully worded portions of the opinion authored by

Mr. Justice Larsen might lead the reader to an impression that "modern notions of fault and liability" require that the instant statutes be construed in a manner favorable to plaintiffs. Such is not the case. The purpose of the law should be and is to achieve equality and fairness irrespective of whether a party is a plaintiff or a defendant. Further, it could well be argued that it is inequitable to require a defendant who, individually, is less negligent than the plaintiff to pay the entire amount of the allowed recovery where the more negligent tortfeasor is unable to pay his proportionate share. Indeed, to this writer such a result appears most inequitable, and, in fact, more "harsh" than what Mr. Justice Larsen has termed the "harsh common law doctrine" of contributory negligence.

Nevertheless, the language employed by the legislature clearly contemplates defendants being made to pay more than their proportionate shares, with the burden being upon them to recover from co-defendants for such excess payments. The relevant statute provides: "The plaintiff may recover the full amount of the allowed recovery from any defendant against whom the plaintiff is not barred from recovery. Any defendant who is so compelled to pay more than his percentage share may seek contribution." 42 Pa.C.S.A. § 7102(b). Given such language in the statute, I am constrained to concur in the result. It is not for this Court, but rather for the legislature, to re-examine this language if unfortunate results such as this are to be avoided in the future. Until it does, alas, there will be few Memorial Day parades sponsored by communities such as Harrisville.

This concurring opinion is joined by HUTCHINSON and ZAPPALA, JJ.

ZAPPALA, Justice, concurring.

I disagree with the assertion that "[t]he language of the Act is straightforward, unambiguous and clear." Opinion Announcing the Judgment of the Court. At 411. The substantial arguments made on both sides in this case alone belie this claim. Notwithstanding the need for ascertaining

the statute's meaning which thus arises, I am not persuaded of the necessity or usefulness of examining the comparative negligence statutes of numerous other jurisdictions. As has been noted, "no state has a comparative negligence statute identical to that of Pennsylvania." *Id.*, At 412–413, n. 11. Finally, I question the validity of many of the examples of what would follow if the appellant's argument were accepted. I find them to be simply straw men whose confutation adds nothing to the strength of the rationale. For these reasons I join only in the interpretation of the Comparative Negligence Act, holding that a plaintiff is precluded from recovery only where his negligence exceeds the combined negligence of all defendants, and that each such defendant is liable for the plaintiff's damages in proportion to his degree of negligence, even if his portion of the total negligence is less than that of the plaintiff.

I also join Mr. Justice Flaherty's Concurring Opinion. The unfairness apparent in situations such as this derives from the rule of joint and several liability contained in the statute, placing the burden of rectifying the inequity on one defendant by seeking contribution from co-defendants. The legislature authorized this distribution of the inequities and may modify it if it so chooses.

FLAHERTY and HUTCHINSON, JJ., join in this concurring opinion.