657 A.2d 949

**Faron R. SMITH and Doreen Smith, His Wife, Appellees,**

**v.**

**WEISSENFELS, INC., Appellants,**

**v.**

**EDWARDS TRANSFER AND STORAGE COMPANY
and G. Miller, an Individual, Appellees.**

Superior Court of Pennsylvania.

Argued Jan. 24, 1995.

Filed March 17, 1995.

Reargument Denied May 22, 1995.

Patrick A. Hewitt, Pittsburgh, for appellants.

Robert G. Simasek, Pittsburgh, for Edwards Transfer, appellee.

Before ROWLEY, P.J., and McEWEN and POPOVICH, JJ.

McEWEN, Judge:

This appeal, taken by defendant Weissenfels, Inc. (hereinafter "Weissenfels") from the $700,000.00 judgment entered against it on the verdict in favor of Faron R. and Doreen Smith (hereinafter "plaintiffs"), in this action to recover damages for personal injuries, calls for a study of the interplay of principles of strict liability, negligence, comparative negligence, contribution, and joint tortfeasor releases. That study compels us (1) to affirm the judgment as molded against Weissenfels and in favor of the plaintiffs in the amount of $700,000.00, and (2) to vacate that portion of the order of December 17, 1993, which denied the request of Weissenfels for contribution from appellee Edwards Transfer and Storage Company (hereinafter "Edwards Transfer").

Faron Smith was injured during the course of his employment with Gooding Rubber Company on August 26, 1988, as he attempted to unload a conveyor belt roll from a truck owned and operated by appellee Edwards Transfer. The load had been secured on the truck with chains, manufactured by Weissenfels, and Mr. Smith inquired of the truck driver, Mr. G. Miller, if the chains could be used to unload the trailer. Mr. Miller indicated the chains were adequate for the task and could be used by Mr. Smith. A chain snapped while Mr. Smith was lifting a roller, causing the roller to strike and injure Mr. Smith.

Mr. Smith and his wife instituted an action grounded in negligence against Edwards Transfer and Mr. G. Miller at No. GD 89-03495 in the Court of Common Pleas of Allegheny County. Subsequently, the Smiths instituted a second action in that court, at No. GD 90-05677, based on § 402A strict products liability, against Weissenfels, Inc., the manufacturer of the chain. Weissenfels, in the products action, joined Edwards Transfer as an additional defendant, claiming a right to contribution or indemnity from Edwards Transfer. The two actions were consolidated for trial and the jury, via special interrogatories, assessed the total damages suffered by plaintiffs at $700,000 and the causal fault of the parties as follows:

| | |
|---|---|
| Faron Smith | 30% |
| Weissenfels | 45% |
| Edwards Transfer | 25% |

Weissenfels timely filed a motion to mold the verdict based upon its claim against Edwards Transfer, suggesting three possible alternative judgments.[1] The trial court, following

---

1. The first alternative suggested by Weissenfels provided for judgment to be entered in favor of the plaintiffs and against Weissenfels in the amount of $315,000.00, "reflecting the true causal percentage of fault attributed to defendant, Weissenfels, Inc.".

The second suggested alternative provided for judgment to be entered in favor of plaintiffs and against Weissenfels in the amount of $700,000.00, and judgment in the amount of $250,000.00 to be entered in favor of Weissenfels and against Edwards Transfer on the contribution claim, the $250,000.00 allegedly reflecting the "relative ratio of causal fault" of Edwards Transfer.

The third suggested alternative—and, as this opinion will conclude, the correct alternative—provided for judgment to be entered in favor of

oral argument, entered an order in the negligence action at No. GD 89–03495 in favor of Edwards Transfer and against the Smiths based upon its conclusion that the finding of the jury that the plaintiffs' proportionate share of causal negligence was greater than that of Edwards Transfer barred any recovery by the plaintiffs against Edwards Transfer.[2]

The trial court in the action at No. GD 90–05677 found that Weissenfels was not entitled to any contribution from Edwards Transfer based upon its interpretation of 42 Pa.C.S. § 7102(b).[3] The trial court reasoned that Edwards Transfer had no liability to plaintiffs based upon the assessment of 30% causal negligence against the plaintiffs, a percentage greater than the 25% attributed to Edwards Transfer by the jury. The trial court believed that the fact that the plaintiffs were proportionately more negligent than Edwards Transfer[4] pre-

plaintiffs and against Weissenfels in the amount of $700,000.00, and in favor of Weissenfels and against Edwards Transfer in the amount of $175,000.00.

2. Weissenfels concedes that, since it was not a party in that action, it is without standing to challenge the erroneous verdict entered by the trial court in favor of Edwards Transfer in the negligence action at No. GD 89–03495.

3. Section 7102 of the Judicial Code provides, in relevant part:

§ 7102. Comparative negligence

(a) General rule.—In all actions brought to recover damages for negligence resulting in death or injury to person or property, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff or his legal representative *where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought,* but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff.

(b) Recovery against joint defendant; contribution.—Where recovery is allowed against more than one defendant, each defendant shall be liable for that proportion of the total dollar amount awarded as damages in the ratio of the amount of his causal negligence to the amount of causal negligence attributed to all defendants against whom recovery is allowed. The plaintiff may recover the full amount of the allowed recovery from any defendant against whom the plaintiff is not barred from recovery. Any defendant who is so compelled to pay more than his percentage share may seek contribution.

42 Pa.C.S. § 7102(a), (b) (emphasis supplied).

4. This method of comparing the causal fault of a *single* defendant with that of the plaintiff in a multi-defendant action is often referred to as

cluded any contribution claim by Weissenfels against Edwards Transfer since Edwards Transfer was not, under the court's reasoning, a defendant "against whom recovery is allowed". 42 Pa.C.S. § 7102(b). Although the trial judge provides in his able opinion an insightful analysis and careful rationale for these conclusions, we are obliged to differ.

■ Weissenfels, in this appeal from the judgment as molded by the trial court, argues that, even though it is strictly liable to the plaintiff under Section 402A of the Restatement (Second) of Torts, and cannot reduce its liability to plaintiffs by reason of their comparative negligence, it is entitled to contribution from Edwards Transfer based upon the jury's finding that Edwards Transfer's causal negligence was 25%. We agree.

■ The Pennsylvania Supreme Court in *Elder v. Orluck*, 511 Pa. 402, 515 A.2d 517 (1986), explained the proper application of Section 7102 of the Judicial Code to those situations such as the instant case where a jury finds multiple defendants liable to the plaintiff, and also finds a percentage of causal fault attributable to the plaintiff.

> In a situation where a plaintiff is found to be 25% negligent and five defendants are held to be 75% negligent, general principles of comparative negligence and the intent of the Pennsylvania statute charge that the plaintiff should recover 75% of his damages. *This should be true no matter how the 75% negligence was apportioned among the defendants.* Under the approach urged by the appellant, the manner of apportionment among the five defendants would be critical to plaintiff's recovery. For example, if five defendants were each held to be 15% negligent, the plaintiff would be barred from any recovery. This kind of inequitable result, which would leave a 25% negligent plaintiff uncompensated, was hardly intended by the Legislature. Additionally, the "individual comparison" approach would have the effect of discouraging settlements where there are multiple defendants.

the "individual comparison approach" and is not used in Pennsylvania. *See: Elder v. Orluck*, 511 Pa. 402, 415–17, 515 A.2d 517, 524 (1986).

In cases where there is arguably some evidence of negligence on the part of the plaintiff, defendants would be encouraged to add additional defendants, go to trial and attempt to have assigned a lower percentage of negligence in comparison to that assigned to the plaintiff (and other defendants) thereby escaping all liability even though causally contributing to plaintiff's injuries.

Furthermore appellant's interpretation would have an unintended impact on contribution between and among defendants. Section (b) of the Comparative Negligence statute provides: "The plaintiff may recover the face amount of the allowed recovery from any defendant against whom the plaintiff is not barred from recovery. Any defendant who is so compelled to pay more than his percentage share may seek contribution". 42 Pa.C.S. § 7102. *If the phrase "against whom the plaintiff is not barred from recovery" is construed to exclude from recovery defendants who are less negligent than the plaintiff as appellant argues, a more negligent defendant who paid the entire verdict would be barred from seeking contribution from a defendant who was less negligent than the plaintiff. This is contrary to the clear intention of the Act* which provides for contribution among defendants based upon each's proportionate share of the casual negligence contributing to the plaintiff's injuries.

*Elder v. Orluck, supra,* 511 Pa. at 417–18, 515 A.2d at 524–525 (emphasis supplied). *See also: Werner v. Quality Service Oil Co., Inc.,* 337 Pa.Super. 264, 269–72, 486 A.2d 1009, 1012–1013 (1984). Thus, the decision in *Elder v. Orluck, supra,* 511 Pa. 402, 515 A.2d 517, lessons that plaintiffs are not barred from recovering against Edwards Transfer simply because the jury found Edwards Transfer responsible for 25% of the causal negligence. Therefore, we are unable to approve the basis upon which the trial court refused to mold the verdict to reflect the contribution claim of Weissenfels.

Although the jury found Weissenfels only 45% causally at fault, the fault of Weissenfels is based upon Section 402A strict products liability. Had Weissenfels instead been found

liable to plaintiffs on a negligence theory, plaintiffs would only have been entitled to a recovery in the amount of $490,000.00, *i.e.*, $700,000.00 less the $210,000.00 reduction effected by the 30% causal negligence attributed to plaintiffs by the jury. Plaintiffs could, of course, seek to recover that $490,000.00 from either defendant. A claim for contribution would be available to Weissenfels if it paid more than its 45% share, namely, $315,000.00, or a claim for contribution would be available to Edwards Transfer if it paid more than its 25% share of the verdict, namely, $175,000.00. *See:* The Uniform Contribution Among Tort-feasors Act, 42 Pa.C.S. §§ 8321 *et seq.*[5]

█ The computation is altered in this case, however, since Weissenfels was held strictly liable to the plaintiffs. Where a defendant is found liable to a plaintiff under principles of strict liability, the comparative negligence of the plaintiff is irrelevant and may not be used to reduce the responsibility of a strictly liable defendant for the entire damage award. The Supreme Court so decreed in *Kimco Development Corp. v. Michael D's Carpet Outlets,* 536 Pa. 1, 9–10, 637 A.2d 603, 607 (1993), when it "expressly adopt[ed] the rule that comparative negligence may not be asserted as a defense in § 402A strict product liability actions". Thus, Weissenfels may not reduce

---

**5.** The Uniform Contribution Among Tort-feasors Act provides in pertinent part:

**§ 8322. Definition**
As used in this subchapter "joint tort-feasors" means two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them.

＊  ＊  ＊  ＊  ＊  ＊

**§ 8324. Right of contribution**
**(a) General rule.**—The right of contribution exists among joint tort-feasors.
**(b) Payment required.**—A joint tort-feasor is not entitled to a money judgment for contribution until he has by payment discharged the common liability or has paid more than his pro rata share thereof.
**(c) Effect of settlement.**—A joint tort-feasor who enters into a settlement with the injured person is not entitled to recover contribution from another joint tort-feasor whose liability to the injured person is not extinguished by the settlement.
42 Pa.C.S. §§ 8322, 8324.

its liability to plaintiffs based upon the comparative fault of either the plaintiffs or the co-defendant, Edwards Transfer.

■ The preclusion against the use of comparative negligence concepts to reduce the liability to the plaintiff where one of multiple defendants has been found liable under principles of Section 402A strict product liability is, however, *inapplicable* to actions for contribution between multiple defendants where one but not all of the defendants has been found strictly liable.[6]

As our eminent colleague, Judge Patrick R. Tamilia, opined in *McMeekin v. Harry M. Stevens, Inc.*, 365 Pa.Super. 580, 530 A.2d 462 (1987), *allo. denied*, 518 Pa. 618, 541 A.2d 746 (1988):

> [T]he Uniform Act may properly be applied so that joint tortfeasors may obtain contribution from each other despite the fact that the one joint tortfeasor has been found liable in negligence and the other in strict products liability.

> In *Svetz v. Land Tool Co.*, 355 Pa.Super. 230, 513 A.2d 403 (1986), we addressed this identical issue and concluded that of necessity, where strictly liable and negligent defendants have acted as joint tortfeasors, contribution among them can be properly awarded. In discussing the policy behind the Uniform Act, we said:

>> The Uniform Contribution Among Tortfeasors Act in Pennsylvania provides that a joint tortfeasor who has discharged more than his *pro rata* share of a common liability may seek contribution from any other tortfeasor who contributed to the loss. See: 42 Pa.C.S. § 8324(b). The doctrine of contribution is based on equity. Therefore, the Act must be examined with equity in mind.

---

6. The Supreme Court in *Walton v. Avco, Corp.*, 530 Pa. 568, 610 A.2d 454 (1992), of course, held that principles of comparative fault *cannot* be applied to allocate a damage award between defendants who have *each* been found strictly liable for the plaintiff's harm. Thus, where no defendant is found liable under the theory of negligence, concepts of fault cannot be introduced into the damage apportionment process. *Id.* at 582–84, 610 A.2d at 462.

The focus of the Uniform Act is on the relationship existing between tortfeasors rather than the manner in which several tortfeasors have been held liable to an injured claimant.... In *Puller v. Puller*, 380 Pa. 219, 221, 110 A.2d 175, 177 (1955), the Supreme Court observed that 'contribution is not a recovery for the tort [committed against the plaintiff,] but the enforcement of an equitable duty to share liability for the wrong done.' ... Thus, a tortfeasor's right to receive contribution from a joint tortfeasor derives not from his liability to the claimant but rather from the equitable principle that once the joint liability of several tortfeasors has been determined, it would be unfair to impose the financial burden of the plaintiff's loss on one tortfeasor to the exclusion of the other. It matters not on which theory a tortfeasor has been held responsible for the tort committed against the plaintiff. So long as the party seeking contribution has paid in excess of his or her share of liability, it would be inequitable under the Act to deny that party's right to contribution from a second tortfeasor who also contributed to the plaintiff's injury.

*Id.*, 355 Pa.Super. at 238, 513 A.2d at 407.

*McMeekin v. Harry M. Stevens, Inc.*, *supra* at 585–87, 530 A.2d at 465 (footnote omitted).

Thus, since the Uniform Contribution Among Tort-feasors Act, " 'may properly be applied to effectuate contribution among joint tortfeasors where one tortfeasor is adjudged liable of negligence and the other liable under the concepts of strict products liability' ", *Moran v. G. & W.H. Corson, Inc.*, 402 Pa.Super. 101, 107–09, 586 A.2d 416, 420 (1991), *allo. denied*, 529 Pa. 650, 602 A.2d 860 (1992), *quoting McMeekin v. Harry M. Stevens Inc.*, *supra*, 365 Pa.Super. at 588, 530 A.2d at 466, the order dismissing the claim of Weissenfels against Edwards Transfer for contribution must be reversed and the record remanded for correction of the judgment.

■ Having concluded that Weissenfels is entitled to contribution from Edwards Transfer, we proceed to review the issue of the proper amount of that contribution. Weissenfels ar-

gued in the trial court that its claim for contribution was not $175,000.00, but rather $250,000.00, contending that:

> [i]n order to determine the relative ratio of causal fault, it is necessary to determine the multipliers for Defendant, Weissenfels and Defendant, Edwards that would reflect the same ratio of causal fault for 100% of the damages as was reflected in the jury's determination of their responsibility for 70% of the damages. Using the 45/25 ratio, Defendant, Weissenfels' multiplier computes to .6428571 and Defendant, Edwards Transfer's multiplier computes to .3571428. Applying those multipliers (which reflect the same ratio of causal fault as determined by the jury), the $700,000 judgment would yield an apportionment among the joint tortfeasors of $450,000 which is the responsibility of Defendant, Weissenfels, Inc. and $250,000 which would be the responsibility of Defendant, Edwards Transfer.

We are not persuaded that the computation of the amount of contribution for which Edwards Transfer is liable is not identical to the computation in an action tried solely on negligence principles: in that fashion, Edwards Transfer is liable to Weissenfels for 25% of the verdict or $175,000.00, so that the ultimate result is the payment by Weissenfels of 75% of the verdict, specifically, the 45% share of responsibility attributed to it by the jury, and the 30% share of responsibility attributed to plaintiffs by the jury, but for which a Section 402A tortfeasor must assume responsibility. Edwards Transfer cannot be liable for a greater proportion of the verdict than the specific percentage found by the jury simply because one of its co-defendants was found liable under principles of Section 402A strict products liability rather than as a result of simple negligence.

Appellee argues that, even if the trial court erred in refusing to allow contribution, the error was harmless in light of the release executed by plaintiffs and Weissenfels on January 28, 1992. Following the entry of the jury verdict, but prior to the ruling of the trial court on the post-verdict motions, Weissenfels and plaintiffs entered into a structured

settlement in full satisfaction of the $700,000.00 verdict. The release provided, in pertinent part:

5. Without limiting its effect, it is understood and agreed that this Agreement and Release includes all claims for relief and causes of action alleged or to be alleged by plaintiffs by reason of exposure to any products of defendant, including the claims set forth in the following actions:

*Faron R. Smith and Doreen Smith, his wife, Plaintiffs, vs. Edwards Transfer & Storage Company and G. Miller, an individual, Defendants,* No. GD89–03495, Court of Common Pleas of Allegheny County, Pennsylvania; and *Faron R. Smith and Doreen Smith, his wife, Plaintiffs, vs. Weissenfels, Inc., Defendant, vs. Edwards Transfer & Storage Company and G. Miller, Additional Defendants,* No. GD90–05677, Court of Common Pleas of Allegheny County, Pennsylvania.

(Said actions are herein collectively called the "litigation".) It is specifically understood that the settlement reached includes settlement of plaintiff, Doreen Smith's, consortium claim, which she made in the litigation as a result of the injuries to her husband, plaintiff, Faron R. Smith.

\*     \*     \*     \*     \*     \*

7. It is understood and agreed that the payments made and promised by defendant hereunder and by First Colony under the annuity contract are to be considered a satisfaction of the entire verdict in the litigation and all damage claimed to have been suffered by the plaintiffs. Furthermore, plaintiffs specifically acknowledge that this Agreement and Release does not reduce or otherwise effect the amount of any contribution verdict which defendant may have or be awarded against defendants, Edwards Transfer & Storage Company or G. Miller. As per *Walton v. Avco Corp.,* 383 Pa.Super. 518, 557 A.2d 372 (1989), the terms of this Agreement and Release specifically control the right of defendant to collect the full amount of the contribution award from defendants, Edwards Transfer & Storage Company and G. Miller.

Edwards Transfer, citing *Walton v. Avco Corp., supra,* 383 Pa.Super. 518, 557 A.2d 372, argues that since Weissenfels "entered into a release with the plaintiffs and did not extinguish any potential liability that Edwards Transfer may have had to plaintiffs", Weissenfels is not entitled to assert any claim for contribution. We must disagree.

The $700,000.00 verdict had been returned prior to the execution of the structured settlement, which was simply a method employed by Weissenfels to reduce the immediate financial impact of the verdict. The agreement provided for satisfaction of the entire $700,000.00 verdict by the payment of $300,000.00 immediately, to be followed by certain enumerated payments over the course of time. The release specifically notes that it is in *full* "satisfaction of the *entire* verdict" in *both* actions. Thus, Weissenfels has satisfied the entire verdict just as if it had paid the entire sum in cash and, under the Uniform Contribution Among Tort-feasors Act, has a claim for contribution as to that portion of the verdict representing the *pro rata* share of liability attributed to Edwards Transfer. The release, by satisfying the *entire* verdict, precluded any recovery by plaintiffs against Edwards Transfer. Clearly, the settlement agreement has no effect on the right of Weissenfels to contribution from Edwards Transfer.

The judgment in favor of plaintiffs and against Weissenfels in the amount of $700,000.00 is affirmed. The judgment entered in favor of Edwards Transfer and against Weissenfels on the claim for contribution is vacated and the case is remanded for entry of judgment on the contribution claim in conformity with the foregoing.

Judgment affirmed in part and reversed in part. Case remanded. Jurisdiction relinquished.