ESTATE OF Elmer R. POSSINGER; Rachel M. Possinger–Seidel, Individually, as Beneficiary, and as Trustee Ad Litem; Kelly S. Possinger, Individually, as Beneficiary, and as Trustee Ad Litem

v.

UNITED STATES of America, Estate of Elmer R. Possinger; Rachel M. Possinger–Seidel; Kelly S. Possinger, Appellants.

No. 08–3772.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 29, 2009.

Opinion filed: Oct. 13, 2009.

Stacy L. Moore, Jr., Esq., Gary F. Piserchia, Esq., Marlton, NJ, for Estate of Elmer R. Possinger, Rachel M. Possinger–Seidel, Kelly S. Possinger.

Susan D. Bricklin, Esq., Office of United States Attorney, Philadelphia, PA, for Appellants.

Before: RENDELL and AMBRO, Circuit Judges and McVERRY,* District Judge.

## OPINION

AMBRO, Circuit Judge.

The Estate of Elmer R. Possinger, Rachael M. Possinger–Seidel, and Kelly S. Possinger ("Plaintiffs") filed suit against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, alleging that the death of Elmer R. Possinger resulted from negligence of the National Park Service. After a bench trial, the District Court entered final judgment in favor of the United States. Plaintiffs appeal, arguing that the District Court's findings of fact were clearly erroneous and that the District Judge was biased. For the reasons set forth below, we affirm.

### I.

In May 2005, E.F. Possinger and Sons contracted with the National Park Service to remove a tree that had fallen on the roof of a springhouse at Delaware Water Gap Recreation Area ("the Park"). Possinger, the owner and president of Possinger and Sons, was tragically killed when the tree crashed into his crane during the removal.

Plaintiffs filed suit alleging negligence, and a three-day bench trial followed. The testimony established that on May 24, 2005, Possinger and his helper, Charles Praetorious, completed a job in another section of the Park and proceeded to the springhouse to remove the fallen tree. While Praetorious drove the crane to the site, Possinger stopped at the office of Park Service employee Robert Geis to ask to borrow a chainsaw for use in the tree removal. Because Park Service policy did not permit Geis to lend equipment, Geis asked two Park Service employees, J.T. Slater and John Stead, to assist Possinger using the Park's chainsaw.

At the site, after directing Praetorious to hook the crane's cable to the tree, Possinger attempted to remove the tree using the crane. When this was unsuccessful, Possinger, sitting in the cab of the crane, directed Stead to cut the tree with the chainsaw while the crane's cable was still attached to the tree. Both Stead and Slater testified that Possinger asked Stead to cut the tree because it still was attached to the ground at its roots.

When Stead asked Possinger if there was tension on the crane's cable, Possinger responded that there was none. This confirmed Stead's visual observation that the cable was slack. According to Praetorious and Slater, Possinger was looking directly at the tree while it was being cut. He remained in the crane of the cab and provided no further instructions to the Park Service employees. When the tree was cut free from its roots, it went to the ground, rose up, and crashed through the cab of the crane. Possinger suffered fatal injuries.

Plaintiffs' expert testified at trial that cutting the tree in an unrestrained manner on a slope caused the cable to act as a pivot point, swinging the tree into the crane's cab. Under this theory, Possinger played no role in the accident. In contrast, the Government's expert testified that the accident resulted from Possinger's actions in operating the crane—either through his failure to have the hook

---

* Honorable Terrence F. McVerry, United States District Judge for the Western District of Pennsylvania, sitting by designation.

aligned directly over the load, or through his movement of the crane arm immediately after the tree was cut.

In its post-trial Memorandum and Order, the District Court found for the Government. Plaintiffs now appeal.

## II.

The District Court had jurisdiction over this case pursuant to 28 U.S.C. § 1346(b), and we have jurisdiction of this appeal pursuant to 28 U.S.C. § 1291.

We may set aside the District Court's factual findings only if clearly erroneous. *Anderson v. City of Bessemer City,* 470 U.S. 564, 572, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Henglein v. Colt Indus. Operating Corp.,* 260 F.3d 201, 208 (3d Cir. 2001).

## II.

Under the FTCA, liability is determined according to the substantive law of the state in which the injury occurred—here, Pennsylvania. *See* 28 U.S.C. § 1346(b)(1); *Matsko v. United States,* 372 F.3d 556, 559 (3d Cir.2004). To recover on a negligence theory under Pennsylvania law, plaintiffs must show that (1) a duty existed, (2) the United States breached that duty, (3) the breach was the cause in fact of the injury, (4) the breach was the proximate cause of the harm, and (5) damages resulted. *See Redland Soccer Club, Inc. v. Dep't of the Army,* 55 F.3d 827, 851 & n. 15 (3d Cir. 1995). "An owner of property does not have a duty to protect the employees of an independent contractor from risks arising from or created by the job contracted." *LaChance v. Michael Baker Corp.,* 869 A.2d 1054, 1057 (Pa.Commw.Ct.2005).

Pennsylvania has adopted a comparative negligence statute. 42 Pa. Cons.Stat. Ann. § 7102. Therefore, if the negligence of Possinger was greater than the negligence, if any, of the Park Service, Plaintiffs cannot recover. *See Elder v. Orluck,* 511 Pa. 402, 515 A.2d 517, 525 (1986).

The District Court determined that insufficient slack in the crane's cable caused the accident. The District Court concluded there were two possible reasons for the tension: improper angling of the cable over the load or movement of the crane arm immediately after the tree was cut. Possinger was the only person in the position to control either of these errors.

■ Having reviewed the record, we discern no clear error in the District Court's factual findings and conclusions. It is true that the Park Service employees decided exactly how to cut the tree. However, Plaintiffs presented no credible evidence that had the tree been cut in a different way, the accident would have been avoided. Snead agreed to cut the tree only because Possinger directed him to do so and he had assured Snead that there was no tension in the cable.

Plaintiffs attempt to differentiate between a "tree lifting" operation, for which Possinger was in control as the crane operator, and a "tree cutting" operation, for which the Park Service employees were solely responsible. Plaintiffs support this assertion by stressing that the contract was titled "Contract Rental." However, the contract expressly defined the service to be provided as "Remove tree at Springhouse." The District Court rejected Plaintiffs' theory, finding that Possinger remained in control of the operation while the tree was being cut. The District Court relied in large part on testimony by the Government's expert witness. While plaintiffs' expert testified at trial that Possinger's operation was in progress only when Possinger was actually lifting the tree, not during the tree cutting, the Court did not find this testimony persuasive. The Government's expert, relying in part on federal and industry regulations, testi-

fied that the operation led by Possinger began when Praetorious wrapped the cable around the tree and did not end at any time before the accident. The District Court chose to credit the testimony of the Government's expert because of his superior qualifications, logical opinions, and credible and persuasive testimony.

Other testimony supported the conclusions of the Government's expert. Possinger's request to borrow a chainsaw from the Park Service shows that he understood it was his responsibility under the contract to cut the tree. Geis testified that he instructed Stead and Slater simply to assist Possinger. It is undisputed that Possinger was in control of the crane and the crane's cable, and he alone made the decision to cut the tree while the crane's cable was tied to the tree.

The only possible negligence of the Park Service employees, the District Court concluded, was their adherence to Possinger's order to cut the tree, and any such negligence paled in comparison to the negligence of Possinger. These findings were supported by the record and were not clearly erroneous.

### IV.

Plaintiffs assert that the District Judge demonstrated a bias against Plaintiffs throughout the trial, which cumulatively tainted the trial and deprived Plaintiffs of a fair trial. In support of this allegation, they point to unremarkable trial rulings made in the Government's favor and to instructions from the Judge to Plaintiffs' counsel as to how to behave in court.

We have reviewed the trial transcript in full and find this assertion of judicial bias unsupported by the record and completely without merit.

\*     \*     \*     \*     \*     \*

In conclusion, we perceive no clear error in the District Court's factual findings, and believe there is no merit in Plaintiffs' assertion of bias. Therefore, we affirm the judgment of the District Court in all respects.