## Bowman v. Plumbarama Co. Inc.

*Michael N. Borish,* for plaintiff.
*Joseph M. DeMarco,* for defendants.

FIELD, *J.,* March 1, 2001—Plaintiff Lisa Bowman appeals from the denial of her motion for post-trial relief

following a defense verdict on July 25, 2000. For the reasons which follow, the motion was properly denied, and judgment for the defendants as entered on December 6, 2000, should be affirmed.

This case arises from a motor vehicle accident which occurred on May 26, 1998, in which plaintiff's car was rear-ended by defendants' truck. Defendants disputed neither their negligence nor the fact that such negligence caused the accident. Prior to trial, plaintiff was compensated for all of her economic damages, including automobile repair and lost wages. The only issue at trial was that of her noneconomic damages.

Under the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701 et seq., each person seeking insurance must elect either "full tort" or "limited tort" coverage, the latter being less expensive. Ms. Bowman elected "limited tort" coverage. Section 1705(d) of the Act provides:

"(d) Limited tort alternative—Each person who elects the limited tort alternative remains eligible to seek compensation for economic loss sustained in a motor vehicle accident as the consequence of the fault of another person pursuant to applicable tort law. Unless the injury sustained is a serious injury, each person who is bound by the limited tort election shall be precluded from maintaining an action for any noneconomic loss . . . ." 75 Pa.C.S. §1705(d).

Serious injury is defined as a personal injury resulting in death, serious impairment of body function or permanent serious disfigurement. 75 Pa.C.S. §1702. Hence, under the limited tort option a claimant must show more

than an impairment of bodily function; the impairment must be "serious." The question of whether an injury is "serious" is one which must be left to the jury except in the clearest of cases. *Washington v. Baxter,* 553 Pa. 434, 719 A.2d 733 (1998).

In the instant matter, three questions were presented to the jury: causation, whether the injury was "serious," and amount of damages. The jury was instructed after each question to proceed to the next question only if the previous question was answered affirmatively. The jury found that Ms. Bowman was injured in the accident, but that her injury was not "serious" within the meaning of the statute, and returned a verdict for the defense.

Plaintiff seeks a new trial based on alleged defects in the court's instructions to the jury. In determining the adequacy of jury instructions, the charge must be viewed as a whole. A new trial is not warranted so long as the charge in its entirety adequately and accurately reflects the law. *Von der Heide v. PennDOT,* 553 Pa. 120, 718 A.2d 286 (1998).

"In this case, plaintiff did not call one of the treating physicians, Dr. Conroy. There is a rule that says where a potential witness is within the control of one party and they have special information relevant to the case, that the testimony would not be cumulative, the relationship to the party is such that the witness would be expected to favor that party, then if the party does not produce that testimony, there's no explanation, you may draw [an] inference that the testimony would not be favorable." Notes of testimony, 7/25/00, at 7-8. This language reflects that of Pa.S.S.C.J. 5.06.

In determining whether this instruction was appropriate, the court relied on Rule 4003.6 of the Pennsylvania Rules of Civil Procedure, which provides that information may be obtained from the treating physician of a party only upon written consent of that party or through a method of discovery authorized by this chapter. Clearly, the plaintiffs counsel was in a position superior to that of defense counsel with respect to securing plaintiff's release and Dr. Conroy's testimony. Additionally, it was the plaintiff, not the defendants, who introduced evidence as to her visits to Dr. Conroy, medical advice given to her by Dr. Conroy, and the fact that Dr. Conroy had examined her both before and after the accident at issue in this case. Under these circumstances, the instruction as given was proper.

For all of the above reasons, plaintiff's post-trial motion seeking a new trial as to damages was properly denied. Judgment for the defendants as entered on December 6, 2000, should be affirmed.