

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-29-2004

# Corrigan v. Methodist Hospital

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4432

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Corrigan v. Methodist Hospital" (2004). *2004 Decisions.* Paper 456.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/456

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-4432

JUDY CORRIGAN

v.

METHODIST HOSPITAL;
SANFORD H. DAVNE, M.D.;
DONALD MYERS, M.D.

Sanford H. Davne, M.D.,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 94-cv-01478
(Honorable J. Curtis Joyner)

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 27, 2004

Before: SCIRICA, *Chief Judge*, FISHER and ALARCÓN*, *Circuit Judges*

(Filed: July 29, 2004)

---

*The Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Judicial
Circuit, sitting by designation.

## OPINION OF THE COURT

SCIRICA, *Chief Judge*.

In this medical malpractice case, a physician found to have negligently performed spinal surgery on his patient appeals contending that various errors by the trial court should have resulted in a mistrial. We will affirm.

**I.**

On March 4, 1994, Judy Corrigan brought suit against Drs. Sanford Davne and Donald Myers alleging, *inter alia,* negligence in implanting pedicle screws and rods during spinal surgery performed on March 5, 1992. After a two-week trial, the jury returned a verdict in favor of Corrigan for $400,000, assigning liability at 60% to Dr. Davne and 40% to Dr. Myers. Drs. Davne and Myers moved for a new trial and moved to alter and/or amend the judgment. The court granted their motion to amend the judgment and adjusted the net verdict amount to $170,808.13, but the court denied their motion for a new trial. *Corrigan v. Methodist Hosp., 234 F. Supp. 2d 494, 497 (E.D. Pa. 2002). On December 6, 2002, Dr. Davne alone filed this timely appeal alleging certain errors by the District Court.

We have jurisdiction under 28 U.S.C. § 1291.

## II.

Davne contends the District Court made certain prejudicial errors which necessitate a new trial. A mistrial should not be granted unless errors "are so gross as probably to prejudice the defendant and the prejudice has not been neutralized by the trial judge before submission of the case to the jury." *United States v. Leftwich,* 461 F.2d 586, 590 (3d Cir. 1972). Moreover, errors that likely did not affect the outcome of the case or affect the substantial rights of the parties are considered to be harmless. Fed. R. Civ. P. 61; *Barker v. Deere & Co.,* 60 F.3d 158, 164 (3d Cir. 1995). We review for abuse of discretion. *United States v. Xavier,* 2 F.3d 1281, 1285 (3d Cir. 1993).

### A.  Introduction of the value of Dr. Davne's Acromed stock options

During trial, the District Court permitted Corrigan's counsel to question Dr. Davne on his affiliation with Acromed, the manufacturer of the pedicile screws used in the 1992 surgery. But when Corrigan's counsel attempted to question Dr. Davne about the value of his stock options with Acromed, the court sustained objections by Dr. Davne's counsel, holding the value of the options was irrelevant. Against the court's direction, counsel for Corrigan then asked Dr. Davne if he had "recently exercised [the stock options] and made a profit of a million dollars?" At side-bar, the court chastised counsel and then instructed the jury to disregard the question regarding the stock options' value. The court held the medical defendants suffered no undue prejudice by the question, and a mistrial was not

3

necessary. We hold the trial court remedied any possible prejudice with its curative instruction.

## B.    Admission of evidence of Dr. Davne's financial relationship with Acromed for use as impeachment evidence

Dr. Davne contends the District Court's admission of evidence of his financial relationship with Acromed violated Judge Bechtle's Pre-Trial Order[1] approving the class settlement agreement in Multi-District Orthopedic Bone Screw Litigation, a class of which Corrigan was a member.

We see no conflict between the court's actions and Judge Bechtle's Pre-Trial Order. The Order precludes claims in which an element of the claim is a financial relationship with Acromed or an alleged conflict of interest based upon a financial relationship with Acromed. But Dr. Davne's financial relationship with Acromed was never an element of the claim brought by Corrigan. The thrust of Corrigan's suit was that surgery was not indicated. Corrigan's counsel presented evidence of a financial relationship to demonstrate that Dr. Davne's financial connection to Acromed may have

---

[1]Order No. 117 reads:
> All settlement class members . . . are permanently BARRED and ENJOINED from initiating, asserting, or prosecuting any actions presenting Settled Claims against any party. Settlement Class Members . . . may not initiate, assert, or prosecute Orthopedic Bone Screw related claims, unless: . . . (b) the claim does not . . . (ii) have as an element of the claim financial relationships with AcroMed and/or an alleged conflict of interest based upon any such financial relationship (impeachment shall not be considered an element of a claim).

4

motivated him to use Acromed's pedicle screw instrumentation in the 1992 surgery, causing him to deviate from the due care he owed Corrigan. *See* 234 F. Supp. 2d at 503. This financial relationship was not an element of the negligence claim. We see no error.

**C.      Jury exhibits utilized by Corrigan's counsel during closing arguments**

During trial, the District Court refused to admit into evidence excerpts of records of Dr. Salkind, an expert for Corrigan. Nevertheless, during closing arguments, Corrigan's counsel presented to the jury an exhibit containing a summary of excerpts from Dr. Salkind's record entitled "NON INDICATIONS FOR SURGERY," as well as an exhibit featuring an enlarged copy of the records. Defense counsel moved for a mistrial. The trial court denied the motion but instructed the jurors to disregard the exhibits during their deliberations. The trial court acted properly. We see no error.

**D.      Admission of evidence of Corrigan's past and future lost wages**

Dr. Davne contends the District Court erred in admitting evidence of Corrigan's past and future lost wages during the damages phase of the trial. He claims Corrigan failed to establish these damages were causally connected to the alleged negligence of Dr. Davne. We review for abuse of discretion. *Stecyk v. Bell Helicopter Textron, Inc.,* 295 F.3d 408, 412 (3d Cir. 2002).

To introduce evidence of past or future lost wages, Corrigan must demonstrate that Dr. Davne's actions or omissions were a "substantial factor" in bringing about the lost wages. *First v. Zem Zem Temple,* 686 A.2d 18, 22 n.3 (Pa. Super. 1996). At trial, Dr.

Butler, a trial expert for Corrigan, testified the 1992 surgery "diminished" Corrigan's chances of returning to gainful employment. The District Court held this testimony provided sufficient evidence to raise a jury question whether the defendant doctors' negligence was a substantial factor in causing Ms. Corrigan to incur future lost wages. We see no abuse of discretion.

### E.    Expert testimony of Nurse Patterson

Pennsylvania's Professional Nursing Law, 63 P.S. § 211 *et seq.,* prohibits nurses from providing medical diagnoses or prescribing medical, therapeutic or corrective measures. 63 P.S. § 212(1); *see also Flanagan v. Labe,* 690 A.2d 183, 185 (Pa. 1997). The District Court allowed Nurse Terri Patterson to testify on behalf of Corrigan as a nursing and rehabilitation expert. Dr. Davne objected to Patterson's testimony, claiming she essentially made a medical diagnosis by offering her opinions regarding what medical, therapeutic or corrective measures should have been prescribed by Corrigan's physicians. The District Court found Patterson had not "diagnosed or otherwise identified a disease afflicting [Corrigan] from her symptoms; it rather appears that she reviewed Ms. Corrigan's medical and treatment history and testified concerning what types of treatment Ms. Corrigan could expect to receive from her doctors in the future." 234 F. Supp. 2d at 500.

On appeal, Dr. Davne contends Patterson recommended various therapeutic treatment options, including psychological counseling, biofeedback and occupational

6

therapy, and that those options were not suggested during the testimony of Corrigan's treating physician, Dr. Esterhai. But these treatment options appear to be the same or closely related to those recommended by her other medical experts. Dr. Davne contends Patterson's medical "conclusions" were not substantiated by the other medical testimony offered by Corrigan. But Patterson estimated Corrigan's quantity, type and frequency of future medical care needs and costs based on the records of numerous physicians' diagnoses and prescriptions, in addition to telephone conversations with several of Corrigan's treating physicians. Reviewing the record, it is apparent that Patterson's testimony was primarily directed to Corrigan's convalescence and future therapy. We see no abuse of discretion in permitting her testimony.

**F.     Jury instruction regarding increased risk of harm**

Finally, Dr. Davne claims the District Court did not adequately instruct the jury that a physician's conduct must be a substantial contributing factor to the patient's injuries in order for the physician to be liable. A jury charge can be grounds for a new trial if the charge confuses or misleads the jury. *See Von Der Heide v. Commonwealth, Dep't of Transp.,* 718 A.2d 286, 288 (Pa. 1998). We exercise plenary review over whether the District Court correctly stated the appropriate legal standard, but review the precise language employed in the charge for abuse of discretion. *United States v. Johnstone,* 107 F.3d 200, 204 (3d Cir. 1997). We must examine the charge in its entirety, not limiting our review to particular sentences or paragraphs in isolation. *Id.*

7

According to Dr. Davne, the District Court did not properly charge the jury on "a substantial contributing factor." He points to the following language in the charge:

> A causal connection between the injuries suffered and the defendant's failure to exercise reasonable care may be proved by evidence that the risk of incurring those injuries was increased by the defendant's negligent conduct.
> . . .
> I further instruct you, members of the jury, that the plaintiff can recover if she can demonstrate by the preponderance of the evidence that the negligence of the defendant increased the risk of a permanent injury.

While this excerpt does not specifically mention "substantial contributing factor," other sections of the charge provide ample clarification. For example, the District Court instructed the jury that "conduct [by the physicians] must have been a substantial factor in bringing about the injuries in question." The court restated this concept twice. 234 F. Supp. 2d at 501. Furthermore, the court accurately noted in its memorandum dated November 8, 2002, that the entirety of the charge "virtually mirrored" the Pennsylvania Suggested Standard Jury Instruction applicable to this charge. We see no error in the jury instructions.

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.