**Frank NARDO, Appellant**

v.

**CITY OF PHILADELPHIA.**

Commonwealth Court of Pennsylvania.

Argued Nov. 9, 2009.
Decided Jan. 8, 2010.

Kenneth M. Rodgers, Philadelphia, for appellant.

Alan C. Ostrow, Philadelphia, for appellee.

BEFORE: COHN JUBELIRER, Judge, and FRIEDMAN, Senior Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Appellant, Frank Nardo (Nardo) sued the City of Philadelphia, (City) for back injuries he sustained while working at a City owned golf course, while he was digging in a flower bed. At the time of Nardo's injury, Nardo was employed by the then current management company which operated and maintained the various golf courses owned by the City. Nardo filed suit for damages for personal injuries

in the Court of Common Pleas of Philadelphia County (trial court). After trial, the jury found the City was not negligent. Nardo appeals the trial court's denial of his motion for post trial relief and argues that the trial court erred when charging the jury with respect to the City's responsibility for the acts of City's independent contractor who constructed the flower bed. City replies that Nardo failed to prove at trial any theory under which Nardo could recover from the City, including failure to prove recovery under any exception to the Political Subdivision Tort Claims Immunity Act (Act).[1] We affirm the trial court.[2]

In 1985, the City, through its Fairmount Park Commission, ("Commission") owned and managed the Franklin Delano Roosevelt Golf Course (Course) in south Philadelphia.[3] City entered into a twenty-five year concession agreement ("Concession Agreement") with Philadelphia Golf, Inc. ("Concessionaire"), whereby The City maintained ownership of the courses and the Concessionaire was responsible to operate, manage and maintain, (either directly or through third parties) several City-owned golf courses.[4]

On April 1, 2005, Liberty Golf Consulting, Inc. (Liberty), the employer of Nardo, entered into a one year management services agreement ("Management Agreement") with the City where the City paid Liberty to manage the courses (as opposed to the previous arrangement in the Concession Agreement where the concessionaire paid the City for the privilege of running the courses).

On November 28, 2005, Nardo was working as an irrigation technician at the Course. He was directed by his supervisor, a Liberty employee, to take a pick and shovel and dig a bed for some crocus bulbs in a garden in front of the clubhouse. While digging through a two inch layer of topsoil, his pick unexpectedly stuck in some fill containing chunks of concrete and asphalt that was under the topsoil. While trying to extract the pick, he suffered a serious back injury.

Nardo sued the City for negligence on the basis that the hidden rock fill was the proximate cause of his injuries, and that the City had superior knowledge of the hidden or other defects in the property. At trial, the Commission employee, who monitored the Course on behalf of the City at the time of the injury, testified that the garden had been previously constructed by an unknown independent contractor be-

---

1. The Act is commonly known as the Political Subdivision Tort claims Act, 42 Pa.C.S. §§ 8541–64.

2. In examining jury instructions, an appellate court's scope of review is to determine whether the trial court committed clear abuse of discretion or error of law controlling the outcome of the case. Error in a charge is sufficient grounds for a new trial, if the charge as a whole is inadequate or not clear or has a tendency to mislead or confuse rather than clarify a material issue. A charge will be found adequate unless the issues are not made clear to the jury or the jury was palpably misled by what the trial judge said or unless there is an omission in the charge which amounts to fundamental error. *Stew-*

*art v. Motts,* 539 Pa. 596, 606, 654 A.2d 535, 540 (1995).

Although *Stewart* calls it clear abuse, the Supreme Court sees no distinction between "clear abuse" and "abuse" for purposes of determining whether the trial court erred. *Von der Heide v. Department of Transportation,* 553 Pa. 120, 123, 718 A.2d 286, 288 (1998).

3. The Commission is an operating department of the City. R.R. 216a, 687a.

4. During the period between 1985 and 2005, the Agreement was assigned to other Concessionaires, including Golf Corp, Inc. in 1988 and then Meadowbrook Golf, Inc., which succeeded Golf Corp Inc. from 1999 to 2005. R.R. 705a.

tween 1985 and 1996 (while the City was under the Concession Agreement).[5] Nardo's expert testified that during the construction of the flowerbed, the soil was substandard for planting and should have been denied upon delivery or installation.

Under the Concession Agreement, Concessionaire agreed to provide funds to pay for repairs and capital improvements subject to the City's right to enter, inspect the work in progress and ascertain code compliance. (R.R. 381A). Upon completion, the improvements immediately became the property of the City. There was testimony that the City would oversee the work rather than supervise it and then, after it was completed, inspect it.

At trial, there was an issue regarding the legal status of Nardo at the time of the accident. Both parties submitted many points for charge that were discussed and ruled on at a conference prior to charging the jury. At the conclusion of the charge on liability, Nardo's proposed points on duty of care owed to invitees, definition of business invitee and independent contractor were read to the jury practically verbatim.[6] R.R. 507a–509a.

Nardo objected to City's points for charge numbered 36–39 (R.R. 597a–600a) on the basis that the cases cited in support of those points involved owners who did not have possession and control of the real estate, which Nardo contends can be distinguished from the instant case where the City did have both possession and control of the realty. The trial court overruled Nardo's objections and charged on the

points requested by the City in the following manner:

The City of Philadelphia may not be held liable for the negligent acts of its independent contractor, nor may the City be held liable for negligently supervising the contractor's work. *[City's Point No. 36]*. Ordinarily, one who engages an independent contractor to perform work on his property is not responsible for the acts of such independent contractor or his employees. *[City's Point No. 37]*.

An owner of land who delivers temporary possession of the land to an independent contractor owes no duty to the employees of the independent contractor with respect to an obviously dangerous condition on that portion of land in the possession of the contractor. *[City's Point no. 38]*. An independent contractor is in possession of the necessary area occupied by the work contemplated under the contract and his responsibility replaces that of the owner who is, during the performance of the work by the contractor, out of possession and without control over the work or premises. *[City's Point No. 39]*. R.R. 510a, 511a. (Bracket citations added).

The first question on the verdict sheet read: "Was the City negligent?" The jury returned the answer, "No." Verdict was then rendered for the defendant, City, after which Nardo filed a Motion for Post Trial Relief. The City responded. Oral argument followed. The trial court denied Nardo's Motion for Post–Trial Relief.

---

**5.** A City employee tried to explain that the City's lack of knowledge of the identity of the contractor who originally constructed the flower bed was due to the unknown whereabouts of the documents concerning the construction of the garden, since that documentation would be in the archives of the Commission.

**6.** Nardo's Points numbered 6, 7 and 8 were entitled "Owner of Land (Duty of Care owed to Invitees)," "Owner of Land (Business Visitor Defined)" and "Alternative Charge ... Negligence Towards Independent Contractors," respectively. (R.R. 537a–539a)

Judgment was entered on the verdict. Nardo appealed to this Court.

On appeal, the only question presented by Appellant Nardo is whether it was reversible error for the trial court to instruct the jury that "the City of Philadelphia may not be held liable for the negligent acts of its independent contractor nor may the City be liable for negligently supervising the contractor's work." Nardo contends that since the hidden defect (asphalt and concrete fill covered with topsoil in a garden) had been constructed between 1985 and 1996—before his employer, Liberty, took possession of the premises, the City had knowledge of the defect superior to Nardo and Liberty. Nardo contends that the City thereby owed Nardo the common law duty owed to a business invitee.

Nardo claims that the City owed an employee of an independent contractor the same duty owed to a business invitee for a defect in the real estate. Nardo argues that the defect was a permanent capital improvement created by a previous independent contractor who was subject to the supervision and approval of the City. Nardo argues that it was foreseeable that a worker would plant annual plants in the garden in the future.[7] Nardo's position is that the City was, therefore, in a superior position to Liberty and Nardo to know of the risk that the fill would create a dangerous condition to anyone digging in the flower bed, since it was hidden by the topsoil.

Nardo further argues that the trial court confused and palpably misled the jury by charging both that Nardo was a business invitee and that the City could not be liable for the work of an independent contractor. Nardo contends that the trial court should not have instructed the jury that the City could not be liable for the acts of an independent contractor. Instead, Nardo claims that the jury should have simply been charged that the Plaintiff, as the employee of one invited onto the City's real estate, was a business invitee and then instructed on liability accordingly. Nardo cites no case authority to support this position.

Nardo submitted to the trial court a proposed point for charge, specifically, if the trial court determined as a matter of law that Nardo cannot be considered an invitee, that the trial court should use an alternative jury charge "Negligence Toward Independent Contractors." Nardo contends that he submitted his proposed "alternate" point for charge to be used only if the trial court determined that, as a matter of law, Nardo cannot be considered an invitee. Instead of first making that determination, the trial court determined that the status of Nardo as an invitee was a question of fact for the jury. Nardo contends on appeal that proposed point number 8 was only intended to be read in the alternative in the event the trial court determined as a matter of law that Nardo was not a business invitee. However, trial court used Nardo's proposed point for charge as a reason to charge the jury in the alternative on the negligence of an independent contractor. Trial court determined that the question of business invitee vs. independent contractor was a question of fact for the jury. Nardo claims the court instruction went beyond that found in his proposed point for charge No. 8.[8]

---

7. It is noted that crocus is a perennial, not an annual, plant.

8. The record indicates that, except for the language on its use in the alternative, the trial court did recite the requested charge to the jury as submitted by Nardo, and as stated in S.J.I. 7.13 regarding negligence toward independent contractors. R.R. 508a.

Nardo cites *Crowell v. City of Philadelphia*, 531 Pa. 400, 613 A.2d 1178 (1992) as guidance to support his argument that the City may not be immune from liability (under a governmental immunity theory) since the independent contractor who originally built the garden could be liable as a joint tortfeasor with the City.[9] The independent contractor may have provided indemnity insurance for the City, if the City had joined it as an additional defendant.

Nardo further argues that if the City is relieved in this case of liability under the real estate exception to governmental immunity for a defect created by an independent contractor, it would expand the present limitations of the Act and push the envelope on interpreting that exception. Nardo maintains that, as a matter of public policy, the doctrine relieving the City of responsibility for defects of real estate created by independent contractors should not be extended where the City has contracted with an independent contractor to perform the work and the contractor's work is accepted by the City as an integral part of its real estate. Since much of the real estate now owned by the City may contain defects that were once created by independent contractors, it would be unfair and require plaintiffs injured on such real estate to bear the burden of not only identifying a defect, but also to identify whether the City or an independent contractor constructed it, how long ago it was constructed and whether it was constructed by an outside agency more than twelve years prior to the injury.[10]

The City contends that the trial court correctly charged the jury. City asserts that it could not be liable for a dangerous condition created by the contractor or for failing to supervise the work of the contractor because, as a matter of law, the City is not liable for the negligence of an independent contractor who creates a dangerous condition of City real property that the City fails to discover or correct. City contends that the jury charge to that effect is supported by numerous cases decided by this Court.[11]

9. In *Crowell*, a City employee's misplaced a directional sign for traffic to turn into the right lane and caused a head-on collision in Plaintiff's lane. Verdict against the city was upheld.

10. 42 Pa.C.S. § 5536 provides that any action against a person furnishing a design, or planning, supervising or observing construction or construction improvements to real estate must be brought within twelve years of the completion of the improvement excepting those persons who own the real estate and have accepted the defect.

11. *Maloney v. City of Philadelphia*, 111 Pa. Cmwlth. 634, 535 A.2d 209 (1987), allocatur denied, 519 Pa. 669, 548 A.2d 258 (1988), (the harm caused by a city contractor who erected dangerous scaffolding on real property owned by the city could not be imputed to the city who was alleged to be negligent for failing to inspect, supervise and to take necessary precautions to protect individuals in and upon the job site, among other things).

*Hawkins v. City of Harrisburg*, 120 Pa. Cmwlth. 369, 548 A.2d 399 (1988) (even if the scaffolding from which plaintiff fell was real property and even if the city knew it was improperly erected and negligent in failing to exercise control over the construction project, the city could not be held liable for plaintiff's injury because the injury was caused by the acts of others).

*Canizares v. City of Philadelphia*, 162 Pa. Cmwlth. 444, 639 A.2d 882 (1994) (affirmed a compulsory nonsuit where plaintiff asserted that the city owned the property, had inspectors at the job site, controlled all access and egress to and from the site, controlled the order and manner of construction and could stop work for an unsafe condition but failed to prove that any of the city's employees caused or created the placing of the plank across the water troughs or had a legal duty to erect a safety net under the plank which would have prevented plaintiff's fall. Thus, although the city would have been liable under common law, there was no proof that the harm was caused by the negligent act of the

Trial court determined that the question of Nardo's legal status at the time of the injury is a question of fact for the jury since there was an issue regarding the legal status of Nardo at the time of the accident as to whether Nardo was a business invitee or an employee of an independent contractor.[12] Trial court empowered the jury to make that determination by instructing them on the definitions of business invitee and independent contractor, as set forth in Standard Jury Instructions (S.J.I.) 7.01a and 4.00a, respectively (R.R. 507a).

Trial court then instructed the jury regarding the City's duty of care to a business invitee and an independent contractor or his employee. (R.R. 508a). Trial court noted that Nardo requested the specific jury charge on the contractor's negligence and now complains that it was error for the court to give it.[13] Trial court determined that the City may not be held liable for the negligent acts of its independent contractors or for negligently supervising their work. (citing *Moles*). Trial court also concluded that Nardo cannot claim that the real estate defect was caused by independent contractors and also maintain that the City is liable because it never joined the prior contractor as additional defendant. Trial court noted that the Plaintiff has the burden of proving the City was negligent and the jury found no negligence by the City. The verdict was entered as a judgment

The trial court's jury instruction that Nardo challenges is based on Section 8541 of the Political Subdivision Tort Claim Act, 42 Pa.C.S. 8541, which provides that no local agency shall be liable for any damages on account of any injury to a person caused by the act of any person. Nardo contends that the City should not have been given the protection of the defense of governmental immunity by that jury instruction since the present matter falls under the real property exception to such immunity. Section 8542 provides for eight exceptions to the rule of general liability in Section 8541. Although Section 8542 states that there is an exception to immunity for negligence with regard to the care, custody or control of real property in the

city or its employees with respect to one of the exemptions from immunity).

*Thomas v. City of Philadelphia*, 668 A.2d 292 (Pa.Cmwlth.1995) (the fatal execution of plaintiff's decedent was caused by the negligently erected scaffolding of his employer, an independent contractor, hired by the city to stucco houses. City is not vicariously liable for the acts of its contractor).

*Moles v. Borough of Norristown*, 780 A.2d 787 (Pa.Cmwlth.2001) (where Borough's contractor damaged Moles' building while demolishing the building adjacent to Moles' property, Moles charged the Borough with negligence in the inspection and supervision of property in possession of the Borough. The real property exception to governmental immunity is unavailable to those whose claim of negligence consists of a failure to supervise adequately or control the conduct of persons or activities on a governmental unit's real estate. This Court noted that the action was based, not on the negligence of the Borough or one of its employees, but on the Borough's failure to prevent the negligent actions of the independent contractor. Borough could not be vicariously liable for the demolition activity of the contractor).

12. *See Stebner v. YMCA*, 428 Pa. 370, 375, 238 A.2d 19, 22 (1968) "As applied to negligence cases, the rule has been stated that where there is doubt as to the inference to be drawn from the facts, or where the measure of duty ... required varies under the circumstances, the question of negligence is necessarily for the jury."

13. Nardo requested in proposed point number 8 that the charge on negligence toward independent contractors be made if the Court should determine that plaintiff cannot be considered an invitee. The proposed charge was the same as S.J.I. 7.13. The trial court granted the request and read it verbatim. R.R. 678a.

possession of the local agency, it clearly states that liability may be imposed for the *acts of the local agency or any of its employees.* It has been limited by *Maloney* and its progeny to benefit only persons injured by the acts of the local agency or the acts of any of its employees and does not include the negligent acts of persons other than the local agency and its employees, thereby excluding an independent contractor. In summary, Section 8541 precludes liability for the acts of any person not an employee of a local agency who injures another. Section 8542 does not make an exception to permit liability for acts of others. A local agency cannot be held liable unless the active negligence of the agency itself or of one of its employees causes injury to a person or property.

■ Because Nardo's injuries and damages were caused by the acts of others i.e., a "person" other than the City or its employee, an unknown independent contractor in the past, City would, at best, be vicariously liable at common law for any injury to a business invitee. Even then, the employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servants except where the work to be performed by the independent contractor involves special danger or peculiar risk *Thomas.*

■■ In the case *sub judice,* the City is relieved of liability under Section 8541 as construed by *Maloney* and its progeny. Nardo did not prove that either the City or an "employee" of the City caused the dangerous condition or Nardo's injuries. Local agencies such as the City are not liable for the negligent acts of independent contractors pursuant to governmental immunity provided by the Political Subdivision Tort Claims Act.

Nardo's attempts to negate the current interpretation of the real estate exception to the Political Subdivision Tort Claims Act fail. Whether the negligent act of the independent contractor occurred during a construction project or after the completion of the project, or whether the negligent act resulted in a temporary condition of the property, or resulted in a permanent condition of the property does not make the City actively negligent or cause it to lose its immunity from vicarious liability for the negligence of the contractor. Nardo has not pointed to any language in any case that states otherwise.

Nardo relies on the *Crowell* case, but in *Crowell,* where there was no negligence imputed to the city or negligence by the acts of others. There was, however, active negligence by the City's employee, as opposed to an employee of a contractor, in moving the directional sign which qualified Crowell to receive the benefits of the traffic control exception in Section 8542. In the present case, Nardo was not able to prove that a City employee created the alleged hidden dangerous condition and failed to prove any other direct liability of the City. Unlike its situation in *Crowell,* if the City is not liable individually it cannot be a joint tortfeasor. Appellant Nardo has not presented enough facts or law to overturn the actions of the trial court and/or the verdict of the jury.

A review of the Reproduced Record (beginning at R.R. p. 507a), reveals that the jury instructions charged to the jury by the trial court (taken as a whole—as required by the standard of review in *Stewart v. Motts* and other cases) are clear, concise, comprehensive and on point. Nardo's contention in his appeal that the jury instructions somehow mislead the jury are without sufficient basis to overturn the trial court's actions and/or the jury's verdict.

Nardo attempts to distinguish cases cited by the City because the facts in those cases are different from the present case because those cases involved construction projects, occurred after completion of the property, involved a permanent condition of the property, were demolition projects, etc.

■ Nardo attempts to distinguish *Maloney* and *Hawkins* because, in those cases, the cities were not liable for failing to inspect because the scaffolds were merely a temporary construction facilitating the project whereas the defective garden in the instant case was owned by the City which participated in the construction and accepted it from the contractor many years before he was injured. However, since the government is not vicariously liable for a contractor's negligence regardless of the time it occurs, even shortly after the negligent act of the contractor, it is likewise not liable long after the negligent act occurs. Further, Nardo attempts to distinguish *Thomas* where failure to supervise or control the project was alleged because the City had only taken temporary possession of the property involved in order to stucco the walls while the City garden was a permanent possession. Case law does not support Nardo's position that there is somehow a difference between the government's liability for a contractor's negligence in the creation of a temporary condition and a permanent condition. None of the distinguishing facts change the strict interpretation by the courts of Sections 8541 and 8542 that no local agency is liable for the acts of any person who is not an employee of the agency, such as an independent contractor. We agree with the trial court that these same arguments are distinctions without a difference.

Nardo's fear, that imposing the burden of proof on the plaintiff will be insurmountable in light of the cases presented by the City (involving independent contractors), is unfounded. The City, as the owner of the real property involved, still has the burden to prove that an independent contractor that created a defect that caused the injury alleged also controlled the performance of the project. If the City does not prove an independent contractor was responsible, then the City will be liable for any defect caused by the negligent actions of the City or its employee[s]. However, even then, plaintiff still bears the burden of proving that the City was actively negligent rather than being vicariously liable for the negligent acts of others, including the contractors. Here, although the contractor was never identified, City and Commission employees established that an unknown independent contractor did construct the alleged defective garden. There was no proof that any City employee participated in the construction of the garden other than its policy to monitor such projects prior to the final inspection before accepting it.

The case law supports the trial court's opinion. The Act applies to immunize the City from this claim for Nardo's injuries and damages.

Accordingly, the decision of the trial court is affirmed.

### *ORDER*

AND NOW, this 8th day of January, 2010, the order of the Court of Common Pleas of the County of Philadelphia is affirmed.