# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carlos Medina,                                              :
                Appellant                              :
                                     :
                v.                                       :   No. 533 C.D. 2025
                                       :   SUBMITTED: April 13, 2026
Pennsylvania Department of                                 :
Transportation, City of Philadelphia,                      :
and American Lighting and                                  :
Signalization, Inc.                                        :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE MATTHEW S. WOLF, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                     **FILED: June 10, 2026**

Appellant, Carlos Medina, appeals from the order of the Court of Common Pleas of Philadelphia County granting summary judgment in favor of the City of Philadelphia. The trial court found that the City was entitled to governmental immunity on Medina's negligence claim stemming from a motor vehicle accident. Upon review, we affirm.

## Factual and Procedural Background

The pertinent facts, as alleged in Medina's complaint, are as follows. On December 6, 2022, Medina was walking across the intersection of Sanger Street and Summerdale Avenue in the City around 7:15 p.m. when he was struck by a vehicle driven by Idelfonso Zorilla. Medina was in, or near, the crosswalk when Zorilla's vehicle struck him while making a left turn onto Sanger Street. The

collision was captured by nearby surveillance video cameras. Still images from that video footage show generally dark and rainy conditions, with a single street light illuminated above the crosswalk. Medina suffered serious and permanent injuries as a result of the accident, in particular to his right shoulder, arm, and clavicle, which required several surgeries to repair.[1]

In June 2023, Medina filed a negligence action naming as defendants Zorilla and the three entities allegedly responsible for the street lighting at the intersection where the accident occurred – the City, the Pennsylvania Department of Transportation (DOT),[2] and American Lighting and Signalization, Inc. (American Lighting).[3] According to Medina, "the street[ ]lights responsible for lighting the crosswalk that [he] was walking on[,] at or near the Summerdale intersection with Sanger Street in [the City] produced an improper and/or inadequate amount of lighting[.]" Original Record (O.R.) Part I at 22. Defendants' failure to provide adequate lighting created a dangerous condition and hazard to pedestrians, and caused or contributed to Medina being struck by Zorilla's vehicle. Because the City had notice of the dangerous condition, Medina alleged that the City is liable under the trees, traffic controls, and street lighting exception (street lighting exception) to

---

[1] According to Medina's deposition testimony and medical records, he was taken by ambulance to the hospital on December 6, 2022, where he was treated and underwent tests, was given a sling and discharged that same day. *See* Original Record (O.R.) Part II at 494, 498; O.R. Part III at 1-2. Five days later, Medina fell down a flight of stairs and was again taken to the hospital by ambulance. *See* O.R. Part II at 498. Medina had the first surgery on his shoulder on December 28, 2022. *See id.* at 499; O.R. Part III at 101. Citations to the Original Record refer to electronic pagination.

[2] In September 2024, the trial court granted the parties' stipulation to dismiss, without prejudice, all claims and cross claims against DOT. O.R. Part II at 283.

[3] Medina also brought his complaint against two John Does allegedly responsible for installing, inspecting, and/or overseeing the street lights and lighting equipment at the intersection where the accident occurred. O.R. Part I at 18.

governmental immunity under what is commonly known as the Political Subdivision Tort Claims Act, 42 Pa.C.S. §§ 8541-8542.

The City filed an answer with new matter asserting multiple defenses, including that it is entitled to immunity from suit. Specifically, the City denied that a dangerous condition existed and, even if it did exist, denied that the City "had or should have had actual or constructive notice of the existence of the alleged dangerous and hazardous condition prior to the" accident. O.R. Part II at 58. The City further alleged that the street light at the intersection was possessed or controlled by an independent contractor, namely American Lighting, and that any purported dangerous condition was due to American Lighting's carelessness and negligence.

After the pleadings were closed, the City filed a motion for summary judgment again asserting that it is entitled to immunity under the Act. The City noted there was no evidence that the street light was out or not functioning at the time of the accident; to the contrary, the record, including still images taken from the surveillance videos, demonstrates the street light at the intersection *was* functioning. *See* O.R. Part II at 530-45. Medina's engineering expert, Randy R. Patarcity, merely opined that the City should have installed a different type of street light at the intersection and concluded that the "***insufficient*** illumination provided by the [single] streetlamp at the intersection" contributed to Zorilla being unable to see Medina, resulting in the accident. O.R. Part II at 532 (emphasis in original). According to the City, it has "no legal duty . . . to light its thoroughfares or streets, and it cannot be held responsible for a mere insufficiency of light." O.R. Part II at

3

533 [quoting *Wecksler v. City of Phila.*, 115 A.2d 898 (Pa. Super. 1955)];[4] *see also* O.R. Part II at 540 (same). Moreover, Patarcity's opinions lack merit because they are based on observations he made of the scene more than a year and a half after the accident occurred. In the alternative, the City argued that it cannot be vicariously liable for the actions of an independent contractor, such as American Lighting. Nor can the City be liable for negligent supervision of a contractor. For "the City to be liable under the . . . Act, it must be for the 'active negligence of the agency itself or one of its employees.'" O.R. Part II at 536 [quoting *Nardo v. City of Phila.*, 988 A.2d 740, 746 (Pa. Cmwlth. 2010)].[5]

In response, Medina asserted that the street light at the intersection was defective and this was a substantial factor in causing the accident. While the City "is under no legal obligation to install street lighting . . . when it ***does*** . . . , it is legally obligated to maintain the lighting in good working order." O.R. Part II at 726 (emphasis in original); *see also* O.R. Part II at 734. Given this requirement and Patarcity's expert report opining that the lighting was "defective and insufficient[,]" Medina stated a legally cognizable claim under the street lighting exception to immunity and presented more than sufficient evidence to support a verdict in his favor. O.R. Part II at 727. Therefore, Medina argued that the City's motion for

---

[4] While not binding on this Court, Superior Court decisions "offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

[5] American Lighting filed a separate motion for summary judgment, noting that the street light at issue is owned by the City's Streets Department. *See* O.R. Part II at 292-307. According to its contract with the City for street lighting maintenance, American Lighting is not responsible to unilaterally repair and maintain street lights that are dim. Because the record demonstrates that the street light here was functioning on the night of the accident and American Lighting only had a duty to repair outages, American Lighting argued that it did not breach any duty to Medina and was therefore entitled to summary judgment.

summary judgment should be denied. As support for his arguments, Medina submitted Patarcity's expert report and photographs of the intersection, including still images taken from the surveillance videos. Notably, neither party addressed at the summary judgment stage whether the City had actual or constructive notice of the dangerous condition, i.e., the purportedly defective street light.

In December 2024, the trial court granted the City's motion for summary judgment and dismissed the complaint as to the City. O.R. Part IV at 9.[6] Medina subsequently filed a motion for reconsideration which was denied. The trial court then granted Medina's motion for leave of court to discontinue as to less than all parties, namely Zorilla and the two John Doe defendants (O.R. Part IV at 70), and the appeal to this Court followed.[7]

**Issues**

Medina contends that the trial court erred by failing to view the record in the light most favorable to him as the non-moving party, in determining there were no genuine issues of material fact, and in concluding the City was entitled to judgment as a matter of law.[8] Specifically, with respect to the alleged dangerous condition of the street light, Medina claims that the trial court erred by disregarding his expert's opinion and by making a determination without reviewing the video

---

[6] The trial court likewise granted American Lighting's motion for summary judgment and dismissed all claims and crossclaims against the entity. O.R. Part IV at 8.

[7] Both DOT and American Lighting filed notices with the Court stating that they would not be participating in this appeal.

[8] Summary judgment is appropriate "only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Sellers v. Twp. of Abington*, 106 A.3d 679, 684 (Pa. 2014). When considering a motion for summary judgment, courts "examine the evidence of record in a light most favorable to the non-moving party, accepting as true all well-pled facts and reasonable inferences to be drawn from those facts." *Angell v. Dereno*, 134 A.3d 1173, 1179 (Pa. Cmwlth. 2016).

evidence of the accident. Regarding notice, Medina maintains that the trial court again ignored evidence and improperly invaded the province of the jury since notice is a factual determination. Neither party raised the issue of notice and Medina claims that the trial court erred by addressing the issue *sua sponte*.

**Discussion**

Pursuant to the Act, local agencies such as the City are generally immune from tort liability. 42 Pa.C.S. § 8541. However, Section 8542(a) of the Act provides that a cause of action against a local agency may be maintained if (1) the damages would otherwise be recoverable under common law or statute, (2) the injury was caused by the negligence of the local agency or an agency employee acting within the scope of his or her official duties, and (3) the negligent conduct falls within one of the exceptions to governmental immunity set forth in Section 8542(b) of the Act, 42 Pa.C.S. § 8542(b). As noted above, the relevant exception here is the street lighting exception, which provides as follows:

> (4) Trees, traffic controls and street lighting.--A dangerous condition of trees, traffic signs, lights or other traffic controls, street lights or street lighting systems under the care, custody or control of the local agency, *except that the* [*appellant*] *to recover must establish* that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and *that the local agency had actual notice or could reasonably be charged with notice under the circumstances* of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

42 Pa.C.S. § 8542(b)(4) (emphasis added).

Medina's "theory of liability is that the City allowed the single street[ ] light at the intersection of Summerdale and Sanger to be, and remain in, a ***defective*** condition. The failure to remedy this defect caused the intersection to be unsafe."

6

O.R. Part II at 728 (emphasis in original); *see also* Medina's Br. at 5, 7, 9 & 14. As the trial court explained in its opinion issued pursuant to Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 1925(a), Medina failed to present any evidence to support his claim that the street light was defective or malfunctioning *on the night of the accident*. Patarcity's opinions are not relevant to this issue because they are based on his observations and the illumination readings he took more than a year and a half after the accident.[9] The record also demonstrates that there were no work orders indicating that the street light was out or was malfunctioning on the night of the accident, and the still images produced from the surveillance videos do not support Medina's contentions. At the summary judgment stage, a non-moving party cannot rely upon the pleadings alone. *See* Pa.R.Civ.P. 1035.3. "If the non-moving party fails to adduce sufficient evidence on an essential issue for which it bears the burden of proof, the moving party is entitled to judgment as a matter of law." *Angell v. Dereno*, 134 A.3d 1173, 1179 (Pa. Cmwlth. 2016) (citation omitted); *see also Young v. Pa. Dep't of Transp.*, 744 A.2d 1276, 1277 (Pa. 2000). Because Medina failed to present *prima facie* evidence on the issue of the purportedly dangerous condition, the trial court did not err in granting the City's summary judgment motion.

Medina also claims that the trial court erred by not viewing the evidence in the light most favorable to him as the non-moving party. Specifically, he notes that the trial court rendered its summary judgment decision without actually viewing the surveillance videos that captured the accident. This argument misconstrues the standard and is somewhat disingenuous as the trial court could only review the record before it, and Medina failed to submit the videos along with his opposition to

---

[9] As stated earlier, the accident occurred on December 6, 2022. Patarcity's report indicates that he visited the accident site on August 20, 22 and 29, 2024, and that he obtained illumination levels on the evenings of August 22 and 29, 2024. O.R. Part II at 549.

the City's summary judgment motion. Despite Medina's argument to the contrary, Philadelphia Rule of Judicial Administration No. 5005(d) did not prohibit him from providing the videos as exhibits to the trial court, it simply mandated that the videos be submitted on a USB drive rather than directly uploaded electronically. At all ends, the videos are not part of the record.

 Accordingly, we affirm the trial court.[10]

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[10] Given our determination, we need not address Medina's argument regarding notice.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carlos Medina,                         :
                Appellant    :
                             :
            v.                           :    No. 533 C.D. 2025
                             :
Pennsylvania Department of             :
Transportation, City of Philadelphia,  :
and American Lighting and              :
Signalization, Inc.                    :

# **O R D E R**

AND NOW, this 10th day of June, 2026, the Order of the Court of Common Pleas of Philadelphia County is hereby AFFIRMED.

 

                                        _____

                                        **BONNIE BRIGANCE LEADBETTER,**
                                        President Judge Emerita